OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Any limitation upon the remedial power of the arbitrator must be clearly contained, either explicitly or incorporated by reference, in the arbitration clause itself.
 
 (Matter of Silverman [Benmor Coats],
 
 61 NY2d 299.) To infer a limitation from an ambiguous and general clause in the substantive provisions of the agreement would, in effect, require judicial interpretation of the contract and judicial interference with an arbitration award which should be avoided unless that award be violative of a strong public policy, totally irrational or in excess of a specifically enumerated limitation upon arbitral authority.
 
 (Matter of Sprinzen [Nomberg],
 
 46 NY2d 623, 629-630;
 
 Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,
 
 37 NY2d 91, 95.) The limitation urged by petitioner Board of Education meets none of these criteria and, consequently, provides no basis for vacating the award.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.