272 B.R. 390 (2000)
In re HBLS L.P., a limited partnership, Debtor.
No. 93 B 46399(BRL).
United States Bankruptcy Court, S.D. New York.
December 22, 2000.
*391 Chester B. Salomon, Salomon, Green & ostrow, P.C., New York City, for debtor.
Thomas D. Gettler, New York City, U.S. Trustee.

MEMORANDUM DECISION GRANTING MOTION TO CONFIRM AWARD
BURTON R. LIFLAND, Bankruptcy Judge.
The following is a memorandum decision supplementing this court's ruling on the record at the December 21, 2000, hearing regarding Dion Friedland's motion (the "Motion to Confirm") (i) to confirm an arbitrator's award concerning the joint liability of Resort Entities dated October 2000, and (ii) thereafter, to reinstate the deficiency judgment jointly and severally against Leeward Isles Resorts, Limited ("LIR") and Maundays Bay Management Limited ("MBM"). An objection to the motion was interposed by Charles C. Hickox on the grounds that (i) Friedland waived his right to arbitration; (ii) Hickox could not be compelled to arbitrate, and (iii) the Mediator's award should not be confirmed because it is based on a "completely irrational" interpretation of a settlement agreement dated May 6, 1996 (the "Settlement Agreement"). The salient facts surrounding this dispute are set forth in the district court's decision, *392 Hickox v. Friedland, 1999 WL 970454 (S.D.N.Y. October 25, 1999)(Koeltl, J.) and will not be repeated herein.
I. Waiver of Right to Arbitrate
Federal policy strongly favors arbitration as an alternative means of dispute resolution. This preference for arbitration has led to its corollary that any doubts concerning whether there has been a waiver are resolved in favor of arbitration. Thus, the caselaw in this circuit instructs that waiver of arbitration is not to be lightly inferred. In re Crysen/Montenay Energy Co. 226 F.3d 160, 162-63 (2d Cir.2000). Nonetheless, a party may waive its right to arbitration when it engages in protracted litigation that prejudices the opposing party. Prejudice as defined by the Second Circuit Court of Appeals refers to the inherent unfairness in terms of delay, expense, or damage to a party's legal position  that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue. Incurring legal expenses inherent in the litigation, without more, is insufficient evidence of prejudice to justify a finding of waiver. Id. citing PPG Industries, Inc. v. Webster Auto Parts Inc., 128 F.3d 103, 107-08 (2d Cir.1997).
In determining whether a party has waived its right to arbitration, the court must consider such factors as (1) the time elapsed from commencement of litigation to the request for arbitration, (2) the amount of litigation (including any substantive motions and discovery), and (3) proof of prejudice. There is no bright-line rule, however, for determining when a party has waived its right to arbitration: the determination of waiver depends on the particular facts of each case. PPG Industries, Inc. v. Webster Auto Parts Inc., 128 F.3d at 107-08.
Hickox argues that Friedland waived his right to arbitrate because Friedland chose to litigate first. Hickox made this same waiver argument to Judge Koeltl. Although Judge Koeltl did not directly address the waiver argument in his opinion, he did suggest that this court consider referring the dispute to the Mediator. See Hickox v. Friedland, supra at *7 ("If it is unclear that whether the specific dispute has been decided by the Mediator, the Court should consider whether the dispute should be submitted to the Mediator in view of the very broad dispute resolution powers of the Mediator and the parties' agreement to refer disputes to the Mediator.") To the extent that Hickox's waiver argument was not completely disposed of by the district court, I find it to be frivolous. Friedland's application to this court for an order granting the deficiency judgment, the amount of which had been calculated by the Mediator, was a ministerial act. It was not the type of "litigation" considered by courts to constitute waiver. The "litigation," that is, the subsequent appeal filed by Hickox, was obviously commenced by Hickox and in no way constituted a waiver on the part of Friedland to arbitrate.
II. Compelling Hickox to Arbitrate
Hickox argues that he cannot be compelled to arbitrate this dispute because he was not a party, individually, to the settlement. However, whether Hickox is a party individually to the Settlement Agreement is irrelevant. The issue referred to the Mediator is the liability of LIR and MBM to Friedland. While Hickox was not a party individually to the Settlement Agreement, he did sign off on it in his capacity as an officer of the Debtor, LIR and MBM at a point in time when he controlled all three entities (the "Resort Entities"). And the Settlement Agreement clearly provides for this dispute to be determined *393 by the Mediator. Paragraph 17 of the Settlement Agreement provides that:
Any disputes or determinations arising under, relating to or in connection with this Settlement Agreement, its interpretation, performance or enforcement shall be determined solely and exclusively by the Mediator, whose decision shall be final and binding and nonappealable.
* * * * * *
The Mediator shall also be authorized to determine the scope of this provision. In interpreting this Settlement Agreement in resolving any disputes hereunder, the Mediator shall implement the spirit and intent of the parties.
Accordingly, I find that this dispute was properly within the purview of the Mediator pursuant to the terms of the Settlement Agreement.
III. Confirmation of Award
The Mediator found that 1) based upon his independent recollection, the intent of parties was that LIR and MBM should be liable to Friedland; 2) the conduct of the parties subsequent to the Settlement Agreement demonstrates that it was the spirit and intent of the parties that LIR and MBM be liable to Friedland, and 3) a full and objective reading of the Settlement Agreement demonstrates it creates liability to Friedland on the part of LIR and MBM.
Under both New York State and Federal law, the scope of judicial review of arbitral awards is narrow. New York CPLR article 75 evidences in numerous ways the intent of the Legislature that, once it is clear that a valid agreement to arbitrate has been made and complied with and that the claim sought to be arbitrated is not barred by limitations, the authority of the arbitrator is plenary consistent with the public policy in favor of arbitration. See N.Y. CPLR § 7501; Silverman v. Benmor Coats, Inc., 61 N.Y.2d 299, 300, 473 N.Y.S.2d 774, 461 N.E.2d 1261 (1984). The grounds specified in CPLR § 7511[1] for vacating or modifying an arbitration award are few in number and are narrowly applied. "Courts are reluctant to disturb the decisions of arbitrators lest the value of this method of resolving controversies be undermined." Goldfinger v. Lisker, 68 N.Y.2d 225, 230, 508 N.Y.S.2d 159, 500 N.E.2d 857 (1986) (citations omitted). Thus, the list of potential objections in CPLR 7511(b) and (c) is exclusive. Geneseo Police Benevolent Ass'n, Council 82 v. Village of Geneseo, 91 A.D.2d 858, 458 N.Y.S.2d 384 (4th Dep't 1982), aff'd 59 N.Y.2d 726, 463 N.Y.S.2d 440, 450 N.E.2d 246 (1983). The only basis upon which an award can be vacated at the behest of a party who participated in the arbitration or was served with notice of intention to arbitrate is that the rights of that party were prejudiced by corruption, fraud or misconduct in procuring the award, partiality *394 of an arbitrator, that the arbitrator exceeded his power or failed to make a final and definite award, or a procedural failure that was not waived. Silverman v. Benmor Coats, Inc., 61 N.Y.2d at 307, 473 N.Y.S.2d 774, 461 N.E.2d 1261 (citing N.Y. CPLR § 7511(b)1). An arbitrator will be deemed to have "exceeded his power" within the meaning of CPLR § 7511(b)(1)(iii) only when one of the following three circumstances is shown: (1) the arbitrator has exceeded a specifically enumerated limitation on his authority; (2) the decision is totally irrational; or (3) the award is violative of a strong public policy. Board of Education of the Dover Union Free School District v. Dover-Wingdale Teachers' Ass'n, 61 N.Y.2d 913, 915, 474 N.Y.S.2d 716, 463 N.E.2d 32 (1984); Rochester City School District v. Rochester Teachers Ass'n, 41 N.Y.2d 578, 582, 394 N.Y.S.2d 179, 362 N.E.2d 977 (1977).
Federal law is similar. The showing required to avoid summary confirmation of an arbitration award is high, Ottley v. Schwartzberg, 819 F.2d 373, 376 (2d Cir.1987), and a party moving to vacate the award has the burden of proof. Matter of Andros Compania Maritima, S.A. of Kissavos (Marc Rich & Co., A.G.), 579 F.2d 691, 700 (2d Cir.1978); Folkways Music Publishers, Inc. v. Weiss, 989 F.2d 108, 111 (2d Cir.1993). "Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." Folkways Music Publishers, Inc. v. Weiss, 989 F.2d at 111. See also Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp., 274 F.2d 805, 808 (2d Cir.)(court's function in confirming or vacating an arbitration award is severely limited), cert. denied, 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed.2d 1727 (1960).
Section 10 of the Federal Arbitration Act provides, in pertinent part that an award may be vacated:
(1) Where the award was procured by corruption, fraud, or undue means.
(2) Where there was evident partiality or corruption in the arbitrators, or either of them.
(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
See 9 U.S.C. § 10. In addition to these statutory grounds, an award may be vacated where the arbitrator acts in manifest disregard of the law. See Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir.1997). The "manifest disregard" test requires "something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law." Id. citing Siegel v. Titan Indus. Corp., 779 F.2d 891, 892 (2d Cir.1985) (per curiam). Manifest disregard of the law may be found if the arbitrator understood and correctly stated the law but proceeded to ignore it. Id. (citations omitted). However, if there is "even a barely colorable justification for the outcome reached," the court must confirm the arbitration award. Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d at 13 citing Matter of Andros Compania Maritima, S.A. of Kissavos (Marc Rich & Co., A.G.), 579 F.2d at 704.
*395 Hickox argues that the Mediator's award and his interpretation of the Settlement Agreement is "totally irrational." I disagree. The ultimate issue determined by the Mediator was that it was the intent of the parties that LIR and MBM be liable to Friedland for the payment obligations under the Settlement Agreement. The Mediator based his determination on three separate grounds, any one of which supports his award. The Settlement Agreement specifically directs that in resolving any dispute relating to such agreement that the Mediator "shall implement the spirit and intent of the parties." (See Settlement Agreement, ¶ 17). The Mediator was directly involved in the negotiating and drafting of the Settlement Agreement and is more than qualified to determine the parties intent with respect to such agreement and this court, finding the Mediators conclusions rational, may not disturb that award. See Silverman v. Benmor Coats, Inc., 61 N.Y.2d at 308, 473 N.Y.S.2d 774, 461 N.E.2d 1261 (the arbitrator "may do justice as he sees it, applying his own sense of law and equity to the facts as he finds them to be and making an award reflecting the spirit rather than the letter of the agreement. . . . ").
Accordingly, the Motion to Confirm is granted.
ORDER (i) CONFIRMING ARBITRATOR'S AWARD AND (ii) DIRECTING THAT A DEFICIENCY JUDGMENT BE REINSTATED JOINTLY AND SEVERALLY AGAINST LEEWARD ISLES RESORTS, LIMITED AND MAUNDAYS BAY MANAGEMENT, LIMITED, TOGETHER WITH HBLS, L.P., DEBTOR, AS WAS PREVIOUSLY ENTERED
Dion Friedland ("Friedland"), a creditor of HBLS, L.P. ("HBLS" or at times, the "Debtor"), having moved for an order (i) confirming an arbitrator's award concerning the joint liability of Resort Entities, dated October 2000, and (ii) thereafter, to reinstate the deficiency judgment jointly and severally against Leeward Isles Resorts, Limited ("LIR") and Maundays Bay Management Limited ("MBM") (HBLS, LIR and MBM, being at times referred to collectively as the "Resort Entities"); and Charles C. Hickox ("Hickox"), formerly an officer, director and shareholder of LIR and MBM and the President of the corporate general partner of HBLS, having filed an objection to the motion on the grounds that (i) Friedland purportedly waived his right to arbitration; (ii) Hickox could not be compelled to arbitrate; and (iii) the Mediator's award should not be confirmed because it is purportedly based on a "completely irrational" interpretation of a settlement agreement dated May 6, 1996 (the "Settlement Agreement"); and upon review of the entire record as submitted by the parties and after due deliberation thereon; and the Court having heard and considered oral argument on the motion and the objection by counsel for the respective parties on December 21, 2000; and this Court having stated its initial rulings on the record at the conclusion of the oral argument held on December 21, 2000 in granting the motion and indicating that it would thereafter issue a written memorandum decision supplementing its rulings; and thereafter this Court having supplemented its rulings on the record by issuing a Memorandum Decision Granting Motion to Confirm Award, dated December 22, 2000, inter alia, directing counsel to submit an order consistent with the Court's decision; and
Upon motion of Kravet & Vogel, LLP, attorneys for Friedland, and upon full consideration of the entire record and after due deliberation thereon; it is
ORDERED, that the Motion is granted; and it is further
*396 ORDERED, that the Arbitrator's Award, as defined above, is hereby confirmed and shall have the same force and effect as an order of this Bankruptcy Court; and it is further
ORDERED, that the joint and several liability of LIR and MBM under the Deficiency Judgment, together with HBLS, is hereby reinstated as previously entered; and it is further
ORDERED, ADJUDGED AND DECREED that Dion Friedland, as judgment creditor, having a residence at 15 Third Avenue, Lower Houghton, Johannesburg 2198, South Africa, shall recover and have judgment jointly and severally against the Debtor, HBLS, L.P., whose last known principal place of business was c/o Cap Juluca, Inc., its general partner, c/o Ashland Management Corporation, 26 Broadway, New York, New York 10004 on his Deficiency Claim in the sum of $4,378,820.53 as of June 9, 1998, plus interest thereon from the date of entry until paid at the rate provided for under 28 U.S.C. § 1961; and it is further
ORDERED, ADJUDGED AND DECREED that Dion Friedland, as judgment creditor, having a residence at 15 Third Avenue, Lower Houghton, Johannesburg 2198, South Africa, shall recover and have judgment jointly and severally against Leeward Isles Resorts, Limited, whose last known principal place of business was c/o On-Island (Anguilla) Corporate Services Limited, 43 Caribbean Commercial Center, The Valley, Anguilla, on his Deficiency Claim in the sum of $4,378,820.53 as of June 9, 1998, plus interest thereon from the date of entry until paid at the rate provided for under 28 U.S.C. § 1961; and it is further
ORDERED, ADJUDGED AND DECREED that Dion Friedland, as judgment creditor, having a residence at 15 Third Avenue, Lower Houghton, Johannesburg 2198, South Africa, shall recover and have judgment jointly and severally against Maundays Bay Management, Limited, whose last known principal place of business was c/o On-Island (Anguilla) Corporate Services Limited, 43 Caribbean Commercial Center, The Valley, Anguilla, on his Deficiency Claim in the sum of $4,378,820.53 as of June 9, 1998, plus interest thereon from the date of entry until paid at the rate provided for under 28 U.S.C. § 1961; and it is further
ORDERED, that the Clerk is hereby directed to enter this order and judgment forthwith and that judgment creditor shall hereafter have execution thereon and have the right following entry to execute upon the assets of judgment debtors named above wherever such assets may be located up to the amount of the aforesaid judgment, plus interest thereon as permitted by law.
NOTES
[1] NYCPLR § 7511 provides in relevant part:

(b) Grounds for vacating.
1. The award shall be vacated on the application of a party who either participated in the arbitration or was served with a notice of intention to arbitrate if the court finds that the rights of that party were prejudiced by:
(i) corruption, fraud or misconduct in procuring the award; or
(ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or
(iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or
(iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection.