■ In the Matter of LONG ISLAND PANELING CENTERS, INC., Appellant, v JAY OSMAN, Respondent. (Proceeding No. 1.) In the Matter of LONG ISLAND PANELING CENTER OF BOHEMIA, INC. LONG ISLAND PANELING CENTERS, INC., Appellant; JAY OSMAN, Respondent. (Proceeding No. 2.) [728 NYS2d 680] —In a proceeding pursuant to CPLR 7510 to confirm an arbitration award, and a related proceeding for judicial dissolution of a closely-held corporation, the petitioner in both proceedings appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 24, 1999, as granted the motion of Jay Osman pursuant to CPLR 7502 (c) to preliminarily enjoin it from terminating its supply of inventory to Long Island Paneling Center of Bohemia, Inc.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

An arbitrator directed the corporate dissolution of Long Island Paneling Center of Bohemia, Inc., which is the Bohemia branch of the petitioner, Long Island Paneling Centers, Inc. (hereinafter LIPC). The Bohemia branch of the petitioner is owned 50% by the respondent, Jay Osman, and 50% owned by LIPC.

In light of our determination that the Supreme Court properly confirmed the arbitration award directing the corporate dissolution of the Bohemia branch of LIPC (*see, Long Is. Paneling Ctrs. v Osman,* 286 AD2d 333 [decided herewith]), Osman is not entitled to a preliminary injunction, in effect, directing LIPC to continue to supply the Bohemia branch with inventory. In any event, Osman failed to demonstrate the likelihood of success on the merits, irreparable harm in the absence of injunctive relief, and that the balance of the equities is in his favor (*see, Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862; *W. T. Grant Co. v Srogi,* 52 NY2d 496, 517; *Albini v Solork Assocs.,* 37 AD2d 835). S. Miller, J. P., McGinity, Luciano and Cozier, JJ., concur.