■ In the Matter of LONG ISLAND PANELING CENTERS, INC., Appellant, v JAY OSMAN, Respondent. (Proceeding No. 1.) In the Matter of LONG ISLAND PANELING CENTER OF BOHEMIA, INC. LONG ISLAND PANELING CENTERS, INC., Appellant; JAY OSMAN, Respondent. (Proceeding No. 2.) [728 NYS2d 680] —In a proceeding pursuant to CPLR 7510 to confirm an arbitration award, and a related proceeding for judicial dissolution of a closely-held corporation, the petitioner in both proceedings appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 24, 1999, as granted the motion of Jay Osman pursuant to CPLR 7502 (c) to preliminarily enjoin it from terminating its supply of inventory to Long Island Paneling Center of Bohemia, Inc.

award directing the corporate dissolution of a branch of the petitioner's chain of stores, Jay Osman appeals from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 20, 2000, which, *inter alia*, granted the petition, and (2) a judgment of the same court, also dated January 20, 2000, which confirmed the arbitration award.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Jay Osman and Long Island Paneling Centers, Inc. (hereinafter LIPC) each own 50% of the Bohemia branch of LIPC's chain of stores. In 1997 Osman demanded arbitration under the parties' shareholders' agreement, seeking to compel LIPC to account for, *inter alia*, certain alleged overcharges in the overhead demanded by LIPC from the Bohemia branch. In response, LIPC filed a petition to compel the dissolution of the Bohemia store.

By orders dated October 6, 1998, and May 5, 1999, respectively, the Supreme Court directed an arbitrator to consider all issues raised in connection with both applications. After a hearing, the arbitrator concluded that he could not resolve the differences between the parties and directed the corporate dissolution of the Bohemia branch.

An arbitrator's determination will not be disturbed by the courts unless, *inter alia*, he or she has exceeded a specifically-articulated limitation on his or her authority, or the award is violative of a strong public policy (*see,* CPLR 7511 [b] [1] [iii]; *Board of Educ. v Dover-Wingdale Teachers' Assn.,* 61 NY2d 913). There is no ground for vacating the arbitration award in this case. S. Miller, J. P., McGinity, Luciano and Cozier, JJ., concur.