**American Tr. Ins. Co. v Gotto Med. Care, PC**

2026 NY Slip Op 30903(U)

March 10, 2026

Supreme Court, New York County

Docket Number: Index No. 650698/2025

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 42M

-----------------------------------------------------------------------------X

AMERICAN TRANSIT INSURANCE COMPANY,

                                 Petitioner,

               - v -

GOTTO MEDICAL CARE, PC,

                                 Respondent.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650698/2025 |
| **MOTION DATE** | 02/26/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2 were read on this motion to/for     VACATE - DECISION/ORDER/JUDGMENT/AWARD   .

APPEARANCES:

    Larkin Farrell LLC, New York, New York (William Robert Larkin, Esq., of counsel), for petitioner.

    Peter J. Diconza, Jr., Port Washington, New York (Peter James Diconza, Esq., of counsel), for respondent.

EMILY MORALES-MINERVA, J.S.C.

In this special proceeding, petitioner AMERICAN TRANSIT INSURANCE COMPANY moves, by notice of petition (motion sequence number 01), pursuant to CPLR § 7511, to vacate the arbitration award issued by Arbitrator Lisa Capruso, Esq., and subsequently confirmed by Master Arbitrator Vic D'Ammora, Esq., in favor of respondent GOTTO MEDICAL CARE, PC. Respondent opposes the petition.[1]

_____

[1] Respondent does not cross-petition or cross-move to confirm the arbitration award.

650698/2025 AMERICAN TRANSIT INSURANCE COMPANY, vs. GOTTO MEDICAL CARE, PC, Motion No. 001

Page 1 of 7

1 of 7

[* 1]

For the reasons explained below, petitioner's petition (mot. seq. no. 01) is denied.

BACKGROUND

On October 19, 2022, non-party Olushola Fashola was injured in a motor vehicle accident (see New York State Court Electronic Filing System [NYSCEF] Doc. No. 01, petition). As a result of the accident, Mr. Fashola received medical treatment, including left shoulder surgery from respondent GOTTO MEDICAL CARE, PC (respondent) on February 13, 2023 (see id.; see also NYSCEF Doc. No. 03, lower arbitration award, dated September 29, 2024).

Thereafter, respondent submitted a no-fault benefit claim to petitioner seeking reimbursement of the medical treatment provided to Mr. Fashola, but Petitioner denied reimbursement of said claim based on lack of (1) medical necessity; and lack of (2) causation (see NYSCEF Doc. No. 01, petition). Specifically, petitioner relied on the peer review report of Dr. Nicholas Delaney, a review of the intraoperative photographs by Dr. Matthew D. Skolnick, and the MRI film review of Dr. Jeffrey Warhit (see id.). As a result of the denial, respondent initiated arbitration with petitioner (see NYSCEF Doc. No. 05, motor vehicle no-fault insurance law arbitration request form, dated April 26, 2024).

650698/2025  AMERICAN TRANSIT INSURANCE COMPANY, vs. GOTTO MEDICAL CARE, PC,          Page 2 of 7
Motion No.  001

2 of 7

[* 2]

The American Arbitration Association (AAA) assigned the action to Arbitrator Lisa Capruso (Arbitrator Capruso) pursuant to AAA Case No. 17-24-1345-5975, and on September 24, 2024, Arbitrator Capruso conducted a hearing (see NYSCEF Doc. No. 03, lower arbitration award). Arbitrator Capruso reviewed one disputed claim for $3,261.63 (see id.). To support its denial of the claim, petitioner submitted the peer review report of Dr. Nicholas Delaney, who concluded that Mr. Fashola's injury was not casually related to his motor vehicle accident (see id.). In rebuttal, respondent submitted the report of Dr. Victor Katz (see id.).

Upon conclusion of the hearing and in consideration of the evidence and testimony submitted, Arbitrator Capruso determined that the peer review report submitted by petitioner did not establish that Mr. Fashola's injury was not casually related to the accident (see id., p 2). Accordingly, Arbitrator Capruso awarded respondent $3,261.63 for the claim in dispute, plus statutory interest, attorneys' fees, and filing fees (see id.).

Petitioner appealed, and the matter was assigned to Master Arbitrator Vic D'Ammora, Esq. (master arbitrator) pursuant to AAA Case No. 99-24-1345-5975 (see NYSCEF Doc. No. 01, petition). The master arbitrator affirmed Arbitrator Capruso's decision entirely.

650698/2025   AMERICAN TRANSIT INSURANCE COMPANY, vs. GOTTO MEDICAL CARE, PC,          Page 3 of 7
Motion No. 001

3 of 7

Despite the two-tier arbitration process, petitioner commenced the instant Article 75 proceeding, seeking vacatur of the $3,261.63 award pursuant to CPLR § 7511 (b)(1)(iii)[2] (see NYSCEF Doc. No. 01, petition). Petitioner contends that the "arbitrator's decision was arbitrary and capricious, without rational basis and incorrect as a matter of law" (id., p 9).

Respondent opposes, arguing that the arbitrators' decisions were not arbitrary or capricious, or incorrect as a matter of law.

ANALYSIS

"It is a bedrock principle of arbitration law that the scope of judicial review of an arbitration proceeding is extremely limited" (Frankel v Sardis, 76 AD3d 136, 139 [1st Dept 2010], citing Matter of Silverman [Benmor Coats], 61 NY2d 299 [1984]). "Accordingly, an award will not be overturned unless it is violative of a strong public policy, or is totally

---

[2] Section 7511 of the CPLR provides, as relevant here:
"(a) An application to vacate or modify an award may be made by a party within ninety days after its delivery to him.
"(b) Grounds for vacating.
    1. The award shall be vacated on the application of a party who either participated in the arbitration or was served with a notice of intention to arbitrate if the court finds that the rights of that party were prejudiced by:
        (iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made . . ."

650698/2025 AMERICAN TRANSIT INSURANCE COMPANY, vs. GOTTO MEDICAL CARE, PC, Motion No. 001        Page 4 of 7

4 of 7

[* 4]

irrational, or exceeds a specifically enumerated limitation on the arbitrator's power" (Frankel, 76 AD3d at 139, quoting Silverman, 61 NY2d at 308, and Board of Educ. of Dover Union Free School Dist. V Dovr-Wingdale Teachers' Ass'n, 61 NY2d 913, 915 [1984]).

An "arbitrator's interpretation of the issues and the scope of their authority is accorded substantial deference, and [the] Court will not overturn the decision unless there is no support at all justifying the decision" (Roffler v Spear, Leeds & Kellogg, 13 AD3d 308, 310 [1st Dept 2004] [emphasis added]). Indeed, "a court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one" (Matter of Arbitration Between Spence and State Univ. of New York, 230 AD3d 1559, 1561 [4th Dept 2024], citing Matter of New York State Correctional Officers & Police Benevolent Ass'n, Inc. v State of New York, 94 NY2d 321, 326 [1999]). Therefore, "the party seeking to upset an arbitration award bears a heavy burden" (Frankel, 76 AD3d at 140, citing Lehman Bros., Inc. v Cox, 10 NY3d 743, 744 [2008]).

Here, the petition must be denied because petitioner has failed to establish any cognizable ground for vacatur under CPLR § 7511 (b)(1)(iii). Arbitrator Capruso considered the evidence submitted by both parties, and concluded that

"[petitioner] [did] not submit any evidence which would establish that [Mr. Fashola's] injuries or [respondent's] services were not casually related to the accident" (NYSCEF Doc. No. 03, arbitration award, p 2; <u>see</u> <u>also</u> NYSCEF Doc. No. 12, Dr. Katz's report["Dr. Delaney never provided a medical rationale why the surgery was not medically necessary"]).

Thereafter, the master arbitrator appropriately determined that Arbitrator Capruso acted within her authority in weighing the evidence and giving greater weight to the evidence she felt was most persuasive (<u>see</u> NYSCEF Doc. No. 01, petition). Mere disagreement with an arbitrator's factual findings or the manner in which the evidence was weighed does not constitute a basis for vacatur of an arbitration award under CPLR § 7511 (b)(1)(iii).

Accordingly, it is hereby

ORDERED that the petition of petitioner AMERICAN TRANSIT INSURANCE COMPANY to vacate the arbitration award issued in AAA Case No. 17-24-1345-5975 is denied in its entirety; it is further

ORDERED that petitioner shall serve a copy of this decision and order with notice of entry upon respondent GOTTO MEDICAL CARE, PC within fifteen days from the date of this decision and order; and it is further

650698/2025   AMERICAN TRANSIT INSURANCE COMPANY, vs. GOTTO MEDICAL CARE, PC,          Page 6 of 7
Motion No.  001

6 of 7

ORDERED that the Clerk of Court shall mark the file

accordingly.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

| __3/10/2026__ | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | *Emily Morales-Minerva* | |
| | | | | **EMILY MORALES-MINERVA, J.S.C.** | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**650698/2025  AMERICAN TRANSIT INSURANCE COMPANY, vs. GOTTO MEDICAL CARE, PC,**     Page 7 of 7
**Motion No.  001**

7 of 7