■ In the Matter of the Arbitration between ST. LAWRENCE COUNTY DEPUTY SHERIFFS, LOCAL 2390, COUNCIL 82, AFSCME, AFL-CIO, on Behalf of Correction Officer EARL BONNO, Appellant, and COUNTY OF ST. LAWRENCE et al., Respondents. [623 NYS2d 661] —Crew III, J. Appeal from an order of the Supreme Court (Rogers, J.), entered December 20, 1993 in St. Lawrence County, which denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award and confirmed the award.

Earl Bonno was employed by respondents as a correction officer at St. Lawrence County Correction Facility. Bonno was served with a notice of discipline on August 12, 1992 containing eight charges asserting, variously, that he was guilty of unbecoming conduct, immoral conduct, failure to conform to laws, lack of courtesy and ill treatment of persons in custody, and seeking his termination from employment. Bonno then filed a grievance and the parties proceeded to arbitration pursuant to their collective bargaining agreement. Following a hearing, the arbitrator found Bonno guilty of five of the eight charges and found the penalty of termination appropriate.

Petitioner then made this application in Supreme Court pursuant to CPLR article 75 to vacate the arbitrator's award on the ground that it exceeded the arbitrator's authority under the collective bargaining agreement. Respondents answered requesting that the award be confirmed. Supreme Court denied petitioner's application and confirmed the award. This appeal ensued.

It is well established that an arbitrator has broad discretion to determine a dispute and fix a remedy and that any contractual limitation on that discretion must be "contained, either explicitly or incorporated by reference, in the arbitration clause" *(Matter of Board of Educ. v Dover-Wingdale Teachers'*

*Assn.,* 61 NY2d 913, 915). The premise for petitioner's claim that the arbitrator exceeded her authority arises out of article XXI, § 6 of the collective bargaining agreement, which provides that: "An employee shall not be disciplined for acts, except those which would constitute a crime, which occurred more than twelve (12) months prior to the service of the notice of discipline. The employee's whole record of employment, however, may be considered with respect to the appropriateness of the penalty to be imposed, if any." At the arbitration hearing, respondents presented a number of inmate witnesses who testified to misconduct engaged in by Bonno more than 12 months prior to the service of the notice of discipline which was similar to the misconduct with which he was charged. The arbitrator referred to this evidence as "tendency" testimony, that is, it tended to corroborate the evidence of the misconduct with which Bonno was charged. It is petitioner's contention that the admission of the aforesaid testimony was in contravention of that portion of the collective bargaining agreement which provides that an employee shall not be disciplined for acts which occurred more than 12 months prior to service of the notice of discipline and that the arbitrator, in admitting such testimony, exceeded the authority conferred upon her by the collective bargaining agreement. We disagree.

At the outset, we observe that while such testimony would not have been admissible in a court of law, it is well settled that an arbitrator is not bound by technical rules of evidence and "the admission of evidence that might well be precluded in a court of law is not sufficient cause for vitiating an award unless the mistake or error of law is so gross or palpable as to amount to fraud or misconduct" *(Matter of Pierre [General Acc. Ins.],* 100 AD2d 705, *lv denied* 63 NY2d 601). We do not view the admission of the testimony of the inmates to be so gross or palpable an error as to amount to fraud or misconduct. As to petitioner's claim that Bonno was disciplined for misconduct occurring beyond the 12-month period permitted by the collective bargaining agreement, a review of the record plainly reveals that Bonno was neither charged with nor found guilty of any of the "tendency conduct" about which petitioner complains.

Petitioner also seems to take the position that receipt of the complained-of testimony is contrary to that portion of the collective bargaining agreement which provides that the employee's whole record of employment may be considered with respect to the appropriateness of penalty. In this regard, petitioner would appear to have us construe this provision as

precluding the use of Bonno's "record of employment" or employment history for any purpose other than determining the appropriateness of the penalty to be imposed. We decline to construe the cited provision in so narrow a fashion. Additionally, while "record of employment" is not defined in the collective bargaining agreement, it strikes us that this phrase most likely refers to the employee's individual personnel file and does not encompass the type of testimony offered by the inmates in this matter.

Mikoll, J. P., Mercure, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.