[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 24, 1996
The plaintiff, Willington Education Association (Association), and the defendant, Willington Board of Education (Board), are parties to a collective bargaining agreement (Agreement) which provides that before there is any change in health insurance carrier, format, or coverage, the Board is required to give the Association an opportunity to review the proposed changes and that if agreement cannot be reached by both parties, the proposed changes are to be submitted to binding arbitration before an impartial arbitrator with expertise in insurance.
The parties were unable to reach agreement on the health insurance changes proposed by the Board and submitted the following disputed issue for resolution by the arbitrator pursuant to the Agreement:
 Whether the ConnectiCare Point of Service and HMO insurance coverage proposed by the Board of Education is substantially equivalent to the criteria for insurance coverage set forth in Article 18.A. in terms of benefits, coverage and administration.
On November 27, 1995, the arbitrator, Sandra Biloon, issued the following award:
 The Connecticut Point of Service and HMO insurance coverage proposed by the Board of Education is substantially equivalent to the criteria for insurance coverage set forth in Article 18.A. in terms of benefits, coverage and administration with the exception of choice of providers and costshare provisions for dependents residing out of state. The Board can achieve equivalency if it provides out-of-state benefits at the in-network rate for dependents residing out-of-state within 60 days.
On December 6, 1995, the Board announced its intention to CT Page 4846 comply "with the arbitrator's decision of equivalency concerning out-of-state dependents" and that the change to ConnectiCare was planned for January 1, 1996. Thereafter, on December 11, 1995, the Association filed an application to correct the award by the "deletion of the second sentence of the award because this part is outside the scope of the submission to the arbitrator" and also requested an order that the Board's implementation of the change in insurance carriers be stayed pending final disposition of its application.
Section 52-419(b) of the General Statutes provides for the modification or correction of an arbitration award "so as to effect the intent thereof and promote justice between the parties," if the court finds, as claimed by the Association under subsection (a)(2), that "the arbitrators have awarded on a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted . . ." The Association's claim is that the first sentence of the award is "directly responsive" to the submitted issue of substantial equivalency pursuant to the Agreement, but that the second sentence, which "explains how a plan that does not satisfy this requirement can be brought into compliance within sixty days . . . is an answer to a question that the parties never asked," and should be deleted as being beyond the submission within the meaning of the statute. Plaintiffs Brief, p. 6.
The courts of this state have consistently endorsed arbitration as an alternative method of settings disputes in order to avoid the formalities, delay, expense and vexation of ordinary litigation, and judicial review of consensual arbitral awards is therefore limited in scope. Metropolitan DistrictCommission v. AFSCME, Council 4, Local 184, 237 Conn. 114, 118. Consensual arbitration is best promoted and encouraged by a minimal degree of judicial intervention, and since the parties have full control over the issues to be arbitrated, our courts "will make every reasonable presumption in favor of the arbitration award and the arbitrator's acts and proceedings." O G/O'Connell Joint Venture v. Chase Family Limited Partnership No.3, 203 Conn. 133, 145.
The limited scope of judicial review in cases where the parties have voluntarily bargained for the decision of the arbitrator is warranted because "the parties are presumed to have assumed the risks of and waived objections to that decision."American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 186-87. CT Page 4847 Clearly, "a party cannot object to an award which accomplishes precisely what the arbitrators were authorized to do merely because that party dislikes the results." Id. 187.
A challenge to an award on the ground that the arbitrator exceeded his powers must be limited to a comparison of the award with the submission. Bruno v. Dept. of Consumer Protection,190 Conn. 14, 18. Every reasonable presumption is made in favor of sustaining the award and the burden of demonstrating the nonconformance of the award to the submission is on the party challenging the arbitrator's decision. Bic Pen Corp. v. Local No.134, 183 Conn. 579, 583.
It should be noted that the arbitrator in this case may have been acting as an "interest" arbitrator in that she was being asked, in effect, to supplement the collective bargaining agreement after the parties had themselves failed to reach a resolution of their differences through their own bargaining efforts, rather than a "rights" arbitrator who merely resolves disputes concerning the interpretation of the labor contract.Phoenix Newspapers v. Phoenix Mailers Local 752, 989 F.2d 1077,1082 (9th Cir. 1993). It has been suggested that an arbitrator who is called upon to establish insurance benefits after the parties have failed to do so may fall into that category; seeInternational Union, UAW v. Exide Corp., 688 F. Sup. 174, 183
(E.D. Pa. 1988); thereby giving her much broader authority than a "rights" arbitrator. Jersey Nurses Economic Security Organizationv. Roxbury Medical Group, 868 F.2d 88 (3rd Cir. 1989).
An arbitrator has broad discretion to determine a dispute and fix a remedy and any contractual limitation on that discretion must be contained either expressly or by clear implication in the arbitration clause. Matter of St. Lawrence County Sheriffs, Local2390, 623 N.Y.S.2d 661, 662 (A.D. 3 Dept. 1995). Arbitrators need not be bound by the narrowest interpretation of the issue presented to them, particularly where the scope of the award could have been reasonably foreseen because of the nature of the issue presented for their determination. Public Safety Dept. v.Public Safety Employees Association, 732 P.2d 1090, 1096-97
(Alaska 1987).
Although arbitrators do not have unfettered discretion to interpret collective bargaining agreements or to impose a remedy which directly contradicts the language of the agreement, the court should uphold their interpretation if it can find any CT Page 4848 plausible basis for it within the four corners of the agreement.Eastern Maine Medical Center, Inc. v. Maine State NursesAssociation, 866 F. Sup. 607, 609 (D.Me. 1994). Terms such as "relatively" or "substantially" equal in a labor contract are not so clear and unambiguous as to show that the arbitrator abused her discretion in finding that such equivalency existed, because "[i]t was precisely because the terms are ambiguous that [the parties] were forced to submit the dispute to arbitration in the first place." Id. 610.
In order for an arbitration award to be final and definite, it must resolve the issues submitted for arbitration so that no further litigation is necessary to finalize the obligations of the parties, and the award must be clear enough to indicate what each party is required to do. Dighello v. Busconi, 673 F. Sup. 85,90 (D.Conn. 1987). The fact that an award requires prospective implementation is well within the arbitrator's authority, in the absence of restrictive language in the arbitration agreement, because he must have flexibility in formulating appropriate remedies in order to finally resolve the dispute between the parties which has been presented to him for his determination.Id. 91.
A high degree of flexibility is particularly important in the arbitration of disputes under labor contracts because, unlike commercial arbitration where arbitration is a substitute for litigation, "arbitration of labor disputes under collective bargaining agreements is part and parcel of the collective bargaining process itself." United Steel Workers of America v.Warrior Gulf Navigation Co., 363 U.S. 574, 578 (1960). Where an arbitrator is called upon to interpret and apply a collective bargaining agreement he must bring his informed judgment to bear in order to reach a fair solution and to fashion a specific remedy to meet a particular set of circumstances. UnitedSteelworkers of America v. Enterprise Wheel Car Corp., 363 U.S. 593,597 (1960).
"The principle of arbitral finality, the practical demands of deciding on an appropriate remedy [particularly in the context of collective bargaining] all dictate that arbitrators, unless expressly restricted by the agreement or the submission to arbitration, have substantial discretion to determine the scope of their contractual authority to fashion remedies, and that judicial review of their awards must be correspondingly narrow and deferential." Advanced Micro Devices, Inc. v. Intel Corp.,
CT Page 4849885 P.2d 994 at 1002 (Cal. 1994). Arbitrators, unless expressly restricted by the collective bargaining agreement, should have the authority to fashion the relief they consider just and fair under the circumstances existing at the time of the arbitration, so long as the remedy may be rationally derived from the collective bargaining contract. Id. 1007.
The court concludes that the deletion of the second sentence of the award as requested by the plaintiff in its application to correct will not "effect the intent thereof and promote justice between the parties" within the meaning of § 52-419(b) of the General Statutes and that the arbitrator's award in its entirety was responsive to, and within, the submission pursuant to subsection (a)(2) of the statute.
For the foregoing reasons, the plaintiff's application to correct the arbitration award is denied.
HAMMER, J.