■ In the Matter of the Arbitration between NEW YORK STATE GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS et al., Appellants, and NEW YORK STATE LAW ENFORCEMENT OFFICERS UNION, DISTRICT COUNCIL 82, AFSCME, AFL-CIO, on Behalf of GERALD SINACORE, Respondent. [661 NYS2d 861] —Mikoll, J. Appeal from an order of the Supreme Court (Teresi, J.), entered June 17, 1996 in Albany County, which denied petitioners' application pursuant to CPLR 7511 to vacate an arbitration award.

Gerald Sinacore, a correction officer employed by petitioner Department of Correctional Services (hereinafter DOCS) and a member of respondent, filed three grievances alleging, inter alia, that DOCS had violated the 1991-1995 collective bargaining agreement (hereinafter the agreement) between petitioners and respondent by denying him certain overtime and temporary assignments over an extended period of time. The grievances were sustained following arbitration hearings and Sinacore was awarded a retroactive monetary payment for the overtime opportunities denied to him.*

Petitioners commenced this proceeding to vacate the award, claiming that the arbitrator exceeded his authority under the agreement by awarding Sinacore a monetary award (see, CPLR 7511 [b] [iii]). Supreme Court dismissed the petition and granted respondent's cross petition to confirm the award, resulting in this appeal by petitioners.

We affirm. "It is well established that an arbitrator has broad discretion to determine a dispute and fix a remedy and that any contractual limitation on that discretion must be 'contained, either explicitly or incorporated by reference, in the arbitration clause'" (Matter of St. Lawrence County Deputy Sheriffs [County of St. Lawrence], 213 AD2d 875, quoting Matter of Board of Educ. v Dover-Wingdale Teachers' Assn., 61 NY2d 913, 915; see, Matter of State of New York [Dept. of Cor-

---

* The arbitrator found that no retroactive monetary remedy was appropriate for the grievance involving the temporary assignment insofar as there was no showing of pay loss.

*rectional Servs.] [Council 82, AFSCME]*, 176 AD2d 1009, 1010, *lv denied* 79 NY2d 756). Moreover, "given a proper case, monetary damages may be awarded even without specific contractual authorization therefor" (*Matter of North Colonie Cent. School Dist. [North Colonie Teachers' Assn.]*, 60 AD2d 496, 498, *affd* 46 NY2d 965).

The limitations on the arbitrator's authority in this case are contained in article 7 of the agreement, which provides that "in arriving at a decision of the issue presented * * * [the arbitrator] shall confine the decision solely to the application and interpretation of this Agreement". The agreement further restricts the arbitrator from "add[ing] to, subtract[ing] from, or modify[ing] the provisions" of the agreement. Petitioners argue that the award changed the agreement, in derogation of the arbitrator's express powers, by providing Sinacore with a monetary award which was not authorized under article 15.1 (f) of the agreement. That article, entitled "Overtime, Recall and Scheduling", governs employee overtime eligibility and scheduling and provides that "[i]f an employee is skipped or denied an opportunity to work overtime in violation of this Agreement, he shall be rescheduled for overtime work the next time overtime work is required". Petitioners claim that this provision constitutes the sole remedy available to the arbitrator under the agreement. The arbitrator, however, rejected that view and found that although article 15.1 (f) applied to singular instances of violations of the overtime policy, it did not apply to the present circumstances where Sinacore had repeatedly been denied overtime opportunities over an extended period of time.

In our view, the arbitrator's conclusion as to the applicability of article 15.1 (f) constituted an interpretation of the agreement which was within his authority. Moreover, insofar as neither article 15.1 (f) nor any other provision of the agreement expressly restricted or proscribed the range of authorized remedies for violations of overtime policy occurring over an extended period of time, we also find that the award was well within the arbitrator's authority. We find the arbitrator's decision and award not otherwise totally irrational or violative of strong public policy and, therefore, decline to disturb it (*see, Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907, 909).

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.

