[984 NE2d 923, 960 NYS2d 725]

In the Matter of the Arbitration between SHENENDEHOWA CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, Appellant, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, LOCAL 864, et al., Respondents.

Argued January 3, 2013; decided February 12, 2013

## APPEARANCES OF COUNSEL

*Whiteman Osterman & Hanna LLP*, Albany (*Beth A. Bourassa* of counsel), for appellant.

*Daren J. Rylewicz*, Albany, for respondents.

*Jay Worona*, Latham, *Kimberly A. Fanniff* and *Jacinda H. Conboy* for New York State School Boards Association, and another, amici curiae.

*Michael E. Bergeron*, Latham, and *Richard E. Casagrande* for New York State United Teachers, amicus curiae.

## OPINION OF THE COURT

Memorandum.

The order of the Appellate Division should be affirmed, with costs.

Grievant school bus driver, in her tenth year of employment, tested positive for marijuana after a random drug test. As a result, the School District terminated her employment and respondent union filed a grievance on her behalf. The parties agreed to arbitrate whether grievant's termination was a violation of the parties' collective bargaining agreement and, if so, the appropriate remedy. The arbitrator concluded that the School District had violated the agreement and that the penalty of discharge was too severe. He then directed the School District to reinstate grievant without back pay,* subject to certain conditions, including evaluation by a substance abuse professional and a negative drug test. The School District commenced this proceeding pursuant to CPLR 7511, seeking to vacate the portion of the arbitration award directing reinstatement and to modify the award by imposing the penalty of termination.

We have recognized "three narrow grounds that may form the basis for vacating an arbitrator's award—that it violates public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100*, 14 NY3d 119, 123 [2010] [citations and internal quotation marks omitted]). None of these grounds has been established here.

The arbitrator's decision did not exceed a specific limitation on his power; nor was it irrational. Rather, he determined that, contrary to the School District's argument, the parties' agreement

---

* This effectively imposed, at that time, a six-month unpaid suspension.

did not require the penalty of termination in these circumstances and that the District did not in fact have a zero tolerance policy. The consequent determination that reinstatement with conditions was the appropriate penalty did not violate public policy (*see Eastern Associated Coal Corp. v Mine Workers*, 531 US 57 [2000]). "That reasonable minds might disagree over what the proper penalty should have been does not provide a basis for vacating the arbitral award or refashioning the penalty" (*City School Dist. of the City of N.Y. v McGraham*, 17 NY3d 917, 920 [2011]).

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH and PIGOTT concur; Judge RIVERA taking no part.

Order affirmed, with costs, in a memorandum.