Matter of Spratley (New York State Dept. of Corr. & Community Supervision) (2020 NY Slip Op 01424)





Matter of Spratley (New York State Dept. of Corr. & Community Supervision)


2020 NY Slip Op 01424


Decided on February 27, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 27, 2020

528922

[*1]In the Matter of the Arbitration between Wayne Spratley et al., Respondents, and New York State Department of Corrections and Community Supervision et al., Appellants.

Calendar Date: January 15, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for appellants.
Lippes Mathias Wexler Friedman LLP, Albany (William P. Golderman of counsel), for respondents.



Devine, J.
Appeal from an order and judgment of the Supreme Court (O'Connor, J.), entered October 16, 2018 in Albany County, which, among other things, granted petitioners' application pursuant to CPLR 7510 to confirm an arbitration award.
In July 2015, petitioner Wayne Spratley, a correction officer employed by respondent New York State Department of Corrections and Community Supervision (hereinafter DOCCS), became embroiled in a drunken altercation while off duty and shot another man. Inasmuch as Spratley was arrested and charged with criminal offenses as a result of his conduct, the applicable collective bargaining agreement (hereinafter CBA) empowered DOCCS to suspend him on an interim basis without pay. DOCCS imposed that suspension on July 21, 2015, then served a notice of discipline on August 17, 2015 that terminated Spratley due to his commission of various criminal offenses and the discredit that his actions brought upon DOCCS. Spratley filed a disciplinary grievance and the matter proceeded to arbitration.
The arbitrator determined that Spratley's eventual acquittal upon the criminal charges warranted dismissal of the related disciplinary charges, but upheld the penalty of termination given that he was guilty of engaging in conduct that brought discredit to DOCCS. The arbitrator also found that Spratley was properly suspended without pay because of the pending criminal charges against him but, given his subsequent acquittal on those charges, the suspension was retroactively rendered invalid so as to entitle Spratley to an award of full back pay. Petitioners commenced this CPLR article 75 proceeding to confirm the arbitration award, and respondents cross-moved to partially vacate it. Supreme Court confirmed the award and respondents appeal, arguing solely that the portion of the award granting back pay exceeded the arbitrator's authority.
We agree. A claim that an arbitrator's "award exceed[s] his [or her] power" (CPLR 7511 [b] [1] [iii]) demands a showing that the "award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005]; accord Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90-91 [2010]; see Matter of Czerwinski [New York State Dept. of Corr. & Community Supervision], 173 AD3d 1325, 1326 [2019]). Although an arbitrator's interpretation of contract language will not ordinarily present such a situation, an arbitrator may not fashion new benefits out of whole cloth and, if the arbitrator "imposes requirements not supported by any reasonable construction of the CBA, then the arbitrator's construction in effect" makes a new contract for the parties and exceeds his or her authority (Matter of Livermore-Johnson [New York State Dept. of Corr. & Community Supervision], 155 AD3d 1391, 1393 [2017] [internal quotation marks, brackets and citations omitted]; accord Matter of Czerwinski [New York State Dept. of Corr. & Community Supervision], 173 AD3d at 1326; see Matter of Local 2841 of N.Y. State Law Enforcement Officers Union, AFSCME, AFL-CIO [City of Albany], 53 AD3d 974, 975 [2008]).
Here, section 8.4 of the CBA sets forth the procedures under which DOCCS may suspend an employee without pay prior to the service of a notice of discipline and the limited circumstances under which back pay is owed following that act. Spratley was suspended without pay pursuant to section 8.4 (a) (2), which, in relevant part, authorizes that step for "an employee charged with the commission of a crime." The same section provides that, where DOCCS fails to serve a notice of discipline within 30 days of the suspension or seven days after learning of a disposition of the criminal charges, "whichever occurs first," an award of back pay is called for. There is nothing to suggest, and the arbitrator did not find, that either of those conditions were satisfied.[FN1] Section 8.4 (a) (5) provides another path for an award of back pay where the suspended employee does not face related disciplinary action and is "not found guilty" of the pending criminal charges, but Spratley did face related disciplinary action. The CBA accordingly contains no provision for the "retroactive" invalidation of the interim suspension and award of back pay under the circumstances presented, and the arbitrator, who was expressly barred by a term of the CBA from adding to, subtracting from or otherwise modifying its provisions, was powerless to add one (see Matter of Livermore-Johnson [New York State Dept. of Corr. & Community Supervision], 155 AD3d at 1393-1394; Matter of Local 2841 of N.Y. State Law Enforcement Officers Union, AFSCME, AFL-CIO [City of Albany], 53 AD3d at 976). Thus, the arbitrator exceeded his authority in making an award of back pay, and Supreme Court should have granted respondents' cross motion to the extent of vacating that award.
Lynch, J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the order and judgment is modified, on the law, without costs, by reversing so much thereof as denied respondents' cross motion in its entirety; cross motion granted to the extent of vacating the award of back pay; and, as so modified, affirmed.



Footnotes

Footnote 1: DOCCS indisputably served a notice of discipline within 30 days of suspending Spratley. The record does not give the exact date when Spratley notified DOCCS that the criminal charges against him were disposed of but, given that Spratley was acquitted following trial, there is little question that such occurred long after the notice of discipline was served.