Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. (New York State Dept. of Corr. & Community Supervision) (2021 NY Slip Op 03504)





Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. (New York State Dept. of Corr. & Community Supervision)


2021 NY Slip Op 03504


Decided on June 3, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 3, 2021

531553
[*1]In the Matter of the Arbitration between New York State Correctional Officers and Police Benevolent Association, Inc., et al., Respondents, and New York State Department of Corrections and Community Supervision, Appellant.

Calendar Date:April 22, 2021

Before:Garry, P.J., Egan Jr., Lynch and Colangelo, JJ.

Letitia James, Attorney General, Albany (Joseph M. Spadola of counsel), for appellant.
Lippes Mathias Wexler Friedman LLP, Albany (Thomas D. Latin of counsel), for respondents.



Garry, P.J.
Appeal from an order of the Supreme Court (Corcoran, J.), entered February 14, 2020 in Albany County, which, among other things, granted petitioners' application pursuant to CPLR 7510 to confirm an arbitration award.
Petitioner New York State Correctional Officers and Police Benevolent Association, Inc. (hereinafter NYSCOPBA) is the bargaining representative for all correction officers employed by respondent, including petitioner Pedro Norde. On March 19, 2019, Norde received a notice of discipline that sought to terminate his employment based on three charges — two related to unauthorized telephone contact with two former inmates, and one for false statements made to investigators. Pursuant to the collective bargaining agreement (hereinafter CBA) between NYSCOPBA and the state, petitioners filed a grievance and demanded arbitration. Petitioners moved to dismiss the charges as untimely and not sufficiently particularized, and the arbitrator reserved decision on that motion. Following a full hearing, the arbitrator dismissed — based on the face of the notice itself, not on the evidence at the hearing — the two charges related to the phone calls. The arbitrator found Norde guilty of the charge relating to his false statements and imposed a 75-day suspension as a penalty.
Petitioners commenced this proceeding, pursuant to CPLR 7510, seeking to confirm the arbitration award. Respondent cross-moved, pursuant to CPLR 7511, to vacate the award as it pertained to the first two charges. Supreme Court denied the cross motion and granted the petition, confirming the award. Respondent appeals.
Although courts are generally bound by an arbitrator's factual findings and interpretation of the parties' contract (see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326 [1999]), a court may vacate an award that "violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90 [2010] [internal quotation marks and citation omitted]; see CPLR 7511 [b] [1] [iii]; Matter of Livermore-Johnson [New York State Dept. of Corr. & Community Supervision], 155 AD3d 1391, 1392 [2017]). "Outside of these narrowly circumscribed exceptions, courts lack authority to review arbitral decisions, even where an arbitrator has made an error of law or fact" (Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d at 91 [internal quotation marks and citation omitted]; see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO [New York State Dept. of Corr. & Community Supervision], 188 AD3d 1534, 1536 [2020]; Matter of Walker [Read], 168 AD3d 1253, 1254 [2019]). However, "if the arbitrator imposes requirements not supported by any reasonable construction of the CBA, then the arbitrator's construction in effect makes a new contract for the parties [*2]and exceeds his or her authority" (Matter of Spratley [New York State Dept. of Corr. & Community Supervision], 180 AD3d 1301, 1302 [2020] [internal quotation marks and citations omitted]).
The CBA here limits the role and authority of the arbitrator, by stating that disciplinary arbitrators shall confine themselves to the issues of guilt or innocence and the appropriate penalty. It further expressly directs that "[d]isciplinary arbitrators shall neither add to, subtract from nor modify the provisions of [the CBA]."[FN1] The CBA also sets a time limitation for disciplinary action, stating that "[a]n employee shall not be disciplined for acts, except those which would constitute a crime, which occurred more than nine months prior to the service of the notice of discipline." Finally, as relevant here, section 8.2 (a) of the CBA provides that "[t]he conduct for which discipline is being imposed and the penalty proposed shall be specified in the notice. The notice served on the employee shall contain a detailed description of the alleged acts and conduct including references to dates, times and places."
The notice of discipline, dated March 19, 2019, alleged in the first charge that, "[d]uring the approximate time frame of April 25, 2018 through April 27, 2018," Norde engaged in "approximately seven . . . telephonic contacts" on his personal cell phone with a named parolee, which was not authorized nor proper for the performance of his duties. The first charge further alleged that this conduct violated specified sections of respondent's employee manual, and such conduct would constitute the crime of official misconduct (a class A misdemeanor). The second charge alleged "approximately" 36 unauthorized telephonic contacts with a second parolee, to have occurred "[d]uring the approximate time frame of April 17, 2018 through October 16, 2018," which also allegedly violated the same provisions of the employee manual and the Penal Law.[FN2]
Because it is undisputed that the allegations in charge 1 and portions of charge 2 fall outside the CBA's nine-month time limitation, for those allegations to be timely respondent was required to invoke the exception that the alleged misconduct "would constitute a crime." The arbitrator determined that the bare identification and quoting of a criminal statute did not meet the requirements of "due process" — what the arbitrator defined as, "in essence[,] an underlying requirement that the charge that a crime has been committed must be fully communicated to the maximum possible degree in the 'charging instrument' (here, the [notice of discipline]) at the outset of the [p]roceedings" — as the notice did not provide factual details relating Norde's conduct to each element of the cited crime. "On that basis," the arbitrator concluded that the notice of discipline did not satisfy the CBA's time exception.
However, the CBA does not refer to "due process," nor does it require that each element of the underlying crime be established [*3]in the notice. Even assuming, without deciding, that it may have been appropriate to assess whether the charging instrument complied with due process, respondent asserts that the arbitrator insisted on more than courts and the Legislature have required for a criminal indictment (compare CPL 200.50 [7] [a] [requiring that an indictment contain "[a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, . . . asserts facts supporting every element of the offense charged and the defendant's or defendants' commission thereof with sufficient precision to clearly apprise the defendant or defendants of the conduct which is the subject of the accusation"]). The Court of Appeals has held that, "[w]hen indicting for statutory crimes, it is usually sufficient to charge the language of the statute unless that language is too broad. That is especially true when the crime is one such as this, in which the acts that constitute the crime are many and are spread over a considerable period of time and space" (People v Iannone, 45 NY2d 589, 599 [1978] [internal citation omitted]; see People v Perez, 93 AD3d 1032, 1034 [2012], lvs denied 19 NY3d 1000 [2012]).
Moreover, the CBA specifically states that its provisions regarding discipline are in lieu of Civil Service Law § 75. Subdivision 4 of that statute sets forth time limitations for disciplinary charges, with an exception "where the incompetency or misconduct complained of and described in the charges would, if proved in a court of appropriate jurisdiction, constitute a crime" (Civil Service Law § 75 [4] [emphasis added]). By contrast, the plain language of the CBA establishes a more relaxed charging standard that does not require that each element of the crime be alleged in the notice with accompanying factual support. Rather, respondent complied with the CBA by pleading in the notice of discipline that the exception applied, and by citing and quoting the language of the specific criminal statute that Norde had allegedly violated; respondent would then need to prove the elements of that statute at the hearing to establish the basis of the timeliness exception (see Matter of Aronsky v Board of Educ., Community School Dist. No. 22 of City of N.Y., 75 NY2d 997, 1000 [1990]). Accordingly, by requiring respondent to prove the underlying crime in the notice to support the CBA's time exception, the arbitrator essentially added a term to the CBA and, thus, exceeded his authority (see Matter of Spratley [New York State Dept. of Corr. & Community Supervision], 180 AD3d at 1302; Matter of Livermore-Johnson [New York State Dept. of Corr. & Community Supervision], 155 AD3d at 1394; Matter of Adirondack Beverages Corp. [Bakery, Laundry, Beverage Drivers & Vending Mach. Servicemen & Allied Workers, Local Union 669 of Albany, N.Y & Vic.], 108 AD3d 832, 834 [2013]; compare Matter of De Guzman v State of N.Y. Civ. Serv. Commn., 129 AD3d 1189, 1192 [2015], lv denied 26 NY3d [*4]913 [2015]).
Because the arbitrator dismissed the first two charges as untimely based on what he perceived to be deficiencies in the notice of discipline, he never determined whether respondent met its burden of proof based on the hearing evidence. We therefore remit. Upon remittal, the arbitrator must determine whether charge 1 and any of the allegations under charge 2 that occurred prior to June 19, 2018 are timely, i.e., whether respondent proved at the hearing that Norde's conduct would constitute the crime of official misconduct (see Penal Law § 195.00). Even if the arbitrator determines that those allegations are untimely, we note that some of the allegations in charge 2 occurred less than nine months prior to service of the notice of discipline; thus, the arbitrator must address those timely allegations.
The arbitrator also based his dismissal of the first two charges on petitioners' argument that the charges lacked particularization with respect to the date of the alleged misconduct. Generally, "in the administrative forum, the charges need only be reasonably specific, in light of all the relevant circumstances, to apprise the party whose rights are being determined of the charges against him [or her] and to allow for the preparation of an adequate defense" (Matter of Block v Ambach, 73 NY2d 323, 333 [1989] [internal citation omitted]). Here, the CBA requires somewhat more, that is, a "detailed description" of the misconduct with "references to dates." The arbitrator found it significant that neither charge at issue "specif[ied] the specific dates on which the alleged wrongful acts occurred, nor any other substantive facts relevant to the occurrences of those phone conversations." Petitioners focused their challenge to the notice on the absence of specific dates for each phone call.
Both charges at issue listed dates, albeit as date ranges. Nothing in the CBA required respondent to list each phone call as a separate charge, nor to list the exact date of each call, especially for a continuing pattern of misconduct (compare People v Iannone, 45 NY2d at 599). Charge 1 stated a range of only three days. For the second charge, the notice stated that Norde engaged in 36 unapproved phone calls over a time period spanning six months. This comports with the CBA's requirement of "a detailed description of the alleged acts and conduct including references to dates" (emphasis added). Therefore, the arbitrator modified the CBA and exceeded his authority by dismissing the first two charges as facially deficient due to an alleged lack of particularization in the notice of discipline. As the charges in the notice were sufficiently stated, the arbitrator should have rendered a determination as to Norde's guilt based on the evidence presented at the hearing. Accordingly, because the arbitrator exceeded his authority, we vacate the portion of the arbitration award dismissing the first two charges.
Egan Jr., Lynch and Colangelo, JJ., concur[*5].
ORDERED that the order is reversed, on the law, without costs, petitioners' application to confirm denied, respondent's cross motion to vacate granted, and matter remitted to the arbitrator for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: A memorandum of understanding between NYSCOPBA and the state includes a similar statement limiting the issues to be considered, followed by the pronouncement that "[t]he disciplinary arbitrator should not make contract interpretations, except for claimed violation of the time limits in the [CBA's] disciplinary article."

Footnote 2: The third charge, which is not at issue here, alleged that, on February 21, 2019, during an official question and answer session, Norde obstructed an investigation by making false or misleading statements, namely, that he had no contact with the two parolees after their release.