Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO (New York State Dept. of Corr. & Community Supervision) (2021 NY Slip Op 07337)





Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO (New York State Dept. of Corr. & Community Supervision)


2021 NY Slip Op 07337


Decided on December 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 23, 2021

532485
[*1]In the Matter of the Arbitration between Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, Appellant, and New York State Department of Corrections and Community Supervision, Respondent.

Calendar Date:November 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Daren J. Rylewicz, Civil Services Employees Association, Inc., Local 1000, AFSCME, AFL-CIO (Leslie C. Perrin of counsel), for appellant.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondent.



Pritzker, J.
Appeal from an order of the Supreme Court (Ryba, J.), entered October 19, 2020 in Albany County, which, among other things, denied petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.
Petitioner and respondent are parties to a collective bargaining agreement (hereinafter CBA) covering members employed by, as relevant here, the Administrative Services Unit of respondent. As relevant here, the CBA sets forth certain documentation that employees may be required to submit to substantiate planned medical appointments. In June 2017, petitioner submitted a grievance to respondent on behalf of Constance Torres, an employee of respondent. According to the grievance, Torres, an office assistant at Washington Correctional Facility, requested and was approved for 4½ hours of sick leave for a medical appointment in May 2017. The grievance stated that Torres was required by respondent's Directive No. 2202 to provide a doctor's note to substantiate her absence and that such requirement violated the CBA. Respondent denied the grievance, reasoning that the conforming documentation required by Directive No. 2202 is not the same as the medical documentation of illness referred to in the CBA, which is not required for absences of less than four days. Petitioner then appealed the decision to the Governor's Office of Employee Relations, which upheld the denial.
Thereafter, petitioner sought to arbitrate the grievance and, following an arbitration hearing, the arbitrator determined, among other things, that Directive No. 2202 violated the CBA by requiring an employee to provide conforming documentation for scheduled medical appointments and directed respondent to cease and desist from applying that directive for absences of four days or less. Petitioner then commenced this CPLR article 75 proceeding to confirm the arbitration award. Respondent answered and cross-moved to vacate the award. Supreme Court denied petitioner's application to confirm the award and granted respondent's cross motion to vacate the award, determining that the arbitrator exceeded his authority in making its determination by modifying the terms of the CBA. Accordingly, Supreme Court remitted the matter for a new hearing before a different arbitrator. Petitioner appeals.
Petitioner contends that Supreme Court erred in granting respondent's cross motion to vacate the arbitration award because the arbitrator did not exceed his authority. "Judicial review of arbitral awards is extremely limited" (Matter of Capital Dist. Transp. Auth. [Amalgamated Tr. Union, Local 1321], 173 AD3d 1542, 1543 [2019] [internal quotation marks and citations omitted]). One of the limited circumstances under which a court may modify an arbitration award is where the arbitrator "exceeded his [or her] power" (CPLR 7511 [b] [1] [iii]; see Matter of Spratley [New York State Dept. of Corr. & Community Supervision], 180 AD3d 1301, 1301 [2020]). An arbitrator exceeds his or her authority [*2]where the award "clearly exceeds a specific, enumerated limitation on the arbitrator's power" (Matter of Walker [Read], 168 AD3d 1253, 1254 [2019]; see Matter of Czerwinski [New York State Dept. of Corr. & Community Supervision], 173 AD3d 1325, 1326 [2019]). "Moreover, although an arbitrator's interpretation of contract language is generally beyond the scope of judicial review, where a benefit not recognized under the governing CBA is granted, the arbitrator will be deemed to have exceeded his or her authority" (Matter of Czerwinski [New York State Dept. of Corr. & Community Supervision], 173 AD3d at 1326 [internal quotation marks, brackets and citations omitted]; see Matter of Spratley [New York State Dept. of Corr. & Community Supervision], 180 AD3d at 1302).
As relevant here, article 10.16 (a) of the CBA provides that "[t]he normal procedure for authorizing the use of sick leave credits is for the employee to make the request directly to the immediate supervisor and, if requested, also to submit a doctor's certificate . . . [which] provides proof of illness and fitness for duty." The CBA further provides that "[a] doctor's certificate will not be routinely required for absences of four days or less; provided, however, the appointing authority shall have the right to substantiate an employee's illness in accordance with the provisions of the Attendance Rules." The Attendance Rules provide that, "[b]efore absence for personal illness may be charged against accumulated sick leave credits, the appointing authority may require such proof of illness as may be satisfactory to it" (4 NYCRR 21.3 [d]). Appendix IV to the CBA reiterates that the provision that a "doctor's certificate will not be routinely required for absences of four days or less due to illness" does not "in [any] way limit management's rights to require medical documentation for a specific absence in order to substantiate use of sick leave." Appendix IV further explains that "[s]atisfactory medical documentation" generally must contain, among other things, a brief diagnosis of the employee's condition if absent for greater than 30 consecutive calendar days, a certification that the employee is unable to perform his or her job duties, the dates of disability and an anticipated return-to-work date.
Respondent's Directive No. 2202 provides guidelines for, among other things, the use of sick leave and medical documentation. In accord with the CBA, Directive No. 2202 provides that "medical documentation" is typically not required for absences due to an "illness/injury" of four consecutive days or less. Significantly, Directive No. 2202 also provides that if an employee plans to use sick leave for preapproved doctor's appointments — as opposed to an unscheduled illness — "conforming documentation" must be provided for absences of more than four hours, upon the employee's return to duty. "Conforming documentation" shall be "an original note signed by the doctor or designee that contains [*3]the employee's name, location, start time, and end time of the appointment." Unlike the medical documentation contemplated in the CBA that must be provided in certain cases of illness, "conforming documentation" for a preapproved medical appointment longer than four hours need not disclose any details regarding the employee's diagnosis or prognosis.
Here, the arbitrator determined that the conforming documentation required in Directive No. 2202 for a preapproved absence for a medical appointment longer than four hours amounted to a "routine" requirement of a doctor's certificate for absences of less than four days, in contravention of article 10.16 (b) of the CBA. The arbitrator noted that the documentation required by Directive No. 2202 is the identical documentation referenced in the CBA, despite respondent's revision of the directive to require only "conforming documentation," as opposed to a doctor's certificate. Further, the arbitrator asserted that, "under [the Health Insurance Portability and Accountability Act], there is no difference between a 'doctor's certificate' and 'conforming documentation' related to a medical visit." Finally, the arbitrator relied upon his own "long held and vocal view," as reflected in another arbitration award, that respondent's requirement of conforming documentation for scheduled medical appointments was improper.[FN1]
Supreme Court properly found that the arbitrator exceeded his authority inasmuch as the CBA's prohibition against respondent routinely requesting a "doctor's certificate" is distinct from the "conforming documentation" required pursuant to Directive No. 2202. In this regard, article 10.16 (a) of the CBA defines a "doctor's certificate" as a note from a doctor that "provides proof of illness and fitness for duty," and appendix IV clarifies that, among other things, such "[s]atisfactory medical documentation" typically must contain a brief diagnosis of the employee's condition — in cases where the employee has been out of work for more than 30 consecutive calendar days. In comparison, "conforming documentation" set forth in Directive No. 2202 does not contain "proof of illness and fitness for duty" and does not include a statement of the medical reason for the appointment or diagnosis. Instead, "conforming documentation" only requires a note signed by a doctor and the employee's name, location, start time and end time of the medical appointment. Thus, routinely requiring an employee to provide "conforming documentation" is not the equivalent of routinely requiring a doctor's certificate. As such, the arbitrator disregarded the foregoing distinctions and, in so doing, effectively modified the terms of the CBA (see e.g. Matter of Spratley [New York State Dept. of Corr. & Community Supervision], 180 AD3d at 1302; Matter of Livermore-Johnson [New York State Dept. of Corr. & Community Supervision], 155 AD3d 1391, 1394 [2017]).[FN2] As a result, Supreme Court properly granted respondent's cross motion [*4]to vacate the arbitration award (see Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 91 [2010]).
Finally, we discern no error in Supreme Court's decision to remit the matter to a new arbitrator. Although article 34 of the CBA provides that "[a]ll contract grievances appealed to arbitration shall be heard by a single . . . [a]rbitrator," it is silent about situations where an arbitration award is subsequently vacated. In that circumstance, CPLR 7511 (d) provides that, "[u]pon vacating an [arbitration] award, the court may order a rehearing and determination of all or any of the issues either before the same arbitrator or before a new arbitrator." Thus, because the CBA does not speak to the situation at hand here — namely, where an arbitration is heard by a single arbitrator and then that arbitrator's award is vacated by a court — the CBA did not prohibit Supreme Court from employing CPLR 7511 (d) and, upon vacating the award, ordering a redetermination before a new arbitrator.
Egan Jr., J.P., Lynch, Clark and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The prior arbitration award referenced by the arbitrator was from 2014. That award preceded respondent's amendment of Directive No. 2202 from requiring "adequate medical documentation" to "conforming documentation."

Footnote 2: It is further noted that, in arriving at his decision, the arbitrator incorrectly fashioned a new benefit to employees, giving employees the right to be free from any routine requirement to submit documentation of scheduled medical appointments. Not only is the holding in direct contradiction with appendix IV where the CBA preserved management's right to require medical documentation for a specific absence in order to substantiate use of sick leave, but there is no prohibition in the CBA on respondent's right to require documentation to substantiate scheduled medical appointments.