Matter of County of Albany (Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Albany County Local 801) (2023 NY Slip Op 01828)

Matter of County of Albany (Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Albany County Local 801)

2023 NY Slip Op 01828

Decided on April 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 6, 2023

535386 
[*1]In the Matter of the Arbitration between County of Albany, Respondent, and Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, Albany County Local 801, et al., Appellants.

Calendar Date:February 16, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Daren J. Rylewicz, Civil Service Employees Association, Inc., Albany (Scott Lieberman of counsel), for appellants.
Eugenia Koutelis Condon, County Attorney, Albany (Yorden C. Huban of counsel), for respondent.

Pritzker, J.
Appeal from an order of the Supreme Court (Christina L. Ryba, J.), entered March 14, 2022 in Albany County, which partially granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.
Respondent Michael J. Frazier was an employee of petitioner within the Department of General Services. In May 2020, after being absent from work despite not having any accrued sick leave and having not been approved for medical leave under the Family Medical Leave Act (hereinafter FMLA),[FN1] Frazier was served with a notice of discipline charging him with unauthorized work absences and informing him that such action was interpreted as a violation of the Rules and Regulations of Albany County Employees (hereinafter the rules) and the collective bargaining agreement (hereinafter the CBA) between respondent Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, Albany County Local 801 (hereinafter CSEA) and petitioner. Considering Frazier's unauthorized work absences and lack of medical certification, petitioner interpreted Frazier's actions as a voluntary resignation from his employment. Thereafter, CSEA filed a grievance on Frazier's behalf, demanding that petitioner arbitrate the terms of Frazier's employment. Following an arbitration hearing, the arbitrator found that Frazier's absence did not constitute just cause for disciplinary action under the CBA.[FN2] As such, the arbitrator granted CSEA's grievance and awarded Frazier reinstatement as well as back pay and benefits. Petitioner subsequently commenced this proceeding pursuant to CPLR article 75 to vacate the arbitrator's award on the ground that the arbitrator exceeded her authority by awarding Frazier back pay and benefits. Thereafter, respondents joined issue and requested that Supreme Court deny the petition. The court found no basis to disturb the arbitrator's finding that Frazier's actions did not amount to a voluntary resignation yet held that the arbitrator exceeded her authority by awarding Frazier back pay and benefits from the time of his termination to his reinstatement because the imposition of such remedy exceeded the stipulated issue as set forth by the parties. Accordingly, the court partially granted the petition and vacated that portion of the arbitrator's award. Respondents appeal.
Respondents assert that Supreme Court erred in partially granting the petition and vacating the arbitrator's award of back pay and benefits based upon a determination that said award exceeded the arbitrator's authority because doing so was beyond the scope of the two-part stipulated issue. We agree. Here, the stipulated issue reads as follows: "Did [petitioner] have just cause to discipline [Frazier]? If so, what is the appropriate penalty, if any?" The court interpreted this to mean that the arbitrator could only proceed to the second question and determine a penalty if she found that petitioner did have just cause to discipline Frazier, which the arbitrator determined it did [*2]not. Therefore, the court found that the arbitrator acted in excess of her authority. Significantly, petitioner did not submit this theory as a basis for vacating the award; rather, it only asserted that the award of back pay and benefits should be vacated because the arbitrator exceeded her authority based solely on the fact that Frazier wouldn't have been entitled to these benefits if out on FMLA leave, which he was in the process of applying for. As such, because Supreme Court sua sponte reached this dispositive issue, respondents were unable to address it. "The lack of notice and opportunity to be heard implicates the fundamental issue of fairness that is the cornerstone of due process" (Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54 [2d Dept 2014]; see Frank M. Flower & Sons, Inc. v North Oyster Bay Baymen's Assn., Inc., 150 AD3d 965, 966 [2d Dept 2017]). Thus, we cannot sustain Supreme Court's partial granting of the petition on this ground (see Matter of Level 3 Communications, LLC v Essex County, 129 AD3d 1255, 1256 [3d Dept 2015], lv denied 26 NY3d 907 [2015]).[FN3]
Inasmuch as Supreme Court denied back pay and benefits based on a procedural issue, given that the record is fully developed and in the interest of judicial economy, we deem it appropriate to decide that portion of the petition seeking to vacate the award of back pay and benefits on the merits, rather than remitting the matter to Supreme Court (see generally Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d at 56). To that end, "[j]udicial review of arbitral awards is extremely limited. Pursuant to CPLR 7511 (b) (1), a court may vacate an award when it violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on an arbitrator's power" (Matter of Czerwinski [New York State Dept. of Corr. & Community Supervision], 173 AD3d 1325, 1326 [3d Dept 2019] [internal quotation marks and citations omitted]; see CPLR 7511 [b] [1] [iii]). "Outside of these narrowly circumscribed exceptions, courts lack authority to review arbitral decisions, even where an arbitrator has made an error of law or fact" (Matter of Barron [State of N.Y. Off. of Mental Health], 135 AD3d 1111, 1112 [3d Dept 2016] [internal quotation marks and citations omitted], lv denied 27 NY3d 905 [2016]). "[I]t is well settled that an arbitrator has broad discretion to determine a dispute and fix a remedy, and that any contractual limitation on that discretion must be contained, either explicitly or incorporated by reference, in the arbitration clause itself" (Matter of New York State Dept. of Corr. Servs. [New York State Corr. Officers & Police Benevolent Assn., Inc.], 100 AD3d 1066, 1068 [3d Dept 2012] [internal quotation marks and citations omitted]; see Matter of New York State Governor's Off. of Empl. Relations [New York State Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO], 242 AD2d 756, 756 [3d Dept 1997]).
We discern [*3]no basis to vacate the arbitrator's award as to back pay and benefits. Notably, the CBA does not contain "a specifically enumerated limitation on the arbitrator's power" (Matter of Barron [State of New York Office of Mental Health], 135 AD3d at 1112). In fact, it does not explicitly limit the arbitrator's authority in any way other than stating that the arbitrator does not have the power to "amend, modify or delete any provision of the CBA," which does not set any limitations on the arbitrator's power to order the remedy that he or she sees fit (see Matter of Shenendehowa Cent. School Dist. Bd. of Educ. [Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Local 864], 90 AD3d 1114, 1117 [3d Dept 2011], affd 20 NY3d 1026 [2013]; compare Matter of Spratley [New York State Dept. of Corr. & Community Supervision], 180 AD3d 1301, 1302 [3d Dept 2020]; Matter of Kocsis [New York State Div. of Parole], 41 AD3d 1017, 1019 [3d Dept 2007]). We find unpersuasive petitioner's argument that an award of back pay and benefits to the date of termination is in excess of the arbitrator's authority because it was ordered for a time period during which Frazier was only entitled to unpaid FMLA leave. Significantly, no proof was set forth regarding the dates, or any other information, as to the FMLA leave, thus any argument regarding such is speculative, at best. Moreover, since FMLA leave had not been granted prior to termination, once Frazier was terminated this issue became irrelevant. Therefore, the arbitrator's award should be confirmed.
Egan Jr., J.P., Clark, Ceresia and Fisher, JJ., concur.
ORDERED that the order is modified, on the law, with costs, by reversing so much thereof as vacated the award of back pay and benefits; said award reinstated and, as so modified, affirmed.

Footnotes

Footnote 1: Frazier had submitted an FMLA application and was required to submit certain medical certification by May 6, 2020, but he did not do so and was placed on unapproved leave status.

Footnote 2: Neither the grievance nor the transcript of the virtual arbitration hearing were submitted to Supreme Court and have not been included in the record on appeal.

Footnote 3: Were we to address this issue on the merits, we would find that, although awarding Frazier a remedy if the arbitrator found that petitioner did not have just cause to discipline him is not explicitly set forth in the stipulated issue statement, "[n]either the arbitration clause of the [CBA] nor the stipulated submission of issues for arbitration contained a specifically enumerated limitation on the arbitrator's power" (Matter of Barron [State of N.Y. Off. of Mental Health], 135 AD3d 1111, 1112 [3d Dept 2016], lv denied 27 NY3d 905 [2016]). Rather, the issue framing left open the possibility that the arbitrator would find that petitioner lacked just cause, sustain the grievance and thereafter would be "empowered to do justice and the award may well reflect the spirit rather than the letter of the [stipulation and the CBA]" (Matter of Port Washington Union Free School Dist. v Port Washington Teachers Assn., 45 NY2d 411, 418 [1978] [internal quotation marks and citation omitted]). Indeed, it defies logic to have the arbitrator determine that petitioner lacked just case for termination and to not fashion any remedy for Frazier, especially given that the grievance requested that he be "made whole." Moreover, as to the remedy, petitioner is only challenging the back pay and benefits, but not reinstatement, which, given petitioner's current limited view of the stipulated issue statement, would have also been in excess of authority.