Matter of New York State Workers' Compensation Bd. (Tisk)

2026 NY Slip Op 03032

May 14, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of the Arbitration between New York State Workers' Compensation Board, Respondent, and Jonathan Tisk, Appellant.

Decided and Entered:May 14, 2026

CV-23-1574

Calendar Date: March 26, 2026

Before: Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher And McShan, JJ.

John D. Svare, New York State Public Employees Federation, AFL-CIO, Latham (David J. Friedman of counsel), for appellant.

New York State Workers' Compensation Board, Schenectady (Todd C. Roberts of counsel), for respondent.

[*1]

Aarons, J.P.

Appeal from an order of the Supreme Court (Mark Powers, J.), entered July 25, 2023 in Schenectady County, which partially granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Respondent is an investigator employed by petitioner. In October 2021, after an investigation, petitioner suspended respondent without pay, and shortly thereafter served him with a notice of discipline (hereinafter NOD) charging him with, among other things, time theft, and recommending a penalty of termination. Pursuant to the collective bargaining agreement (hereinafter CBA) and incorporated memorandum of agreement (hereinafter MOA) between the State and respondent's bargaining unit, the New York State Public Employees Federation, AFL-CIO (hereinafter PEF), PEF and respondent filed a grievance seeking review of the NOD by a disciplinary arbitrator. Respondent also exercised his contractual right to challenge his immediate suspension to a "triage" arbitrator, who concluded that probable cause did not support the suspension. Respondent was reinstated and returned to work pending final disposition of the NOD.

A multiday virtual hearing on the NOD ensued, and the disciplinary arbitrator thereafter issued a decision denying the grievance, finding respondent culpable of one of the three misconduct charges levied against him and imposing a penalty of a three-month suspension and restitution for time theft. Explaining the penalty, the disciplinary arbitrator wrote, "[Respondent] is not asking for a second chance since he believed he did nothing wrong. Relevant to this matter is the negotiated procedure between PEF and [the State] whereby an independent [triage] arbitrator examines pending suspensions before they can be implemented and if in his/her view the facts do not warrant [a disciplinary] suspension, then one cannot be carried out at that time. [Here], such an examination was held and the [triage] arbitrator found that a removal was not warranted." The problem with that reasoning — according to petitioner — is that it conflicts with the part of the MOA stating that, where the triage arbitrator "determines there was not probable cause for the suspension, the [disciplinary] arbitrator . . . shall not be authorized to consider the lack of suspension in determining an appropriate penalty."

Petitioner commenced this proceeding to vacate the arbitration award, alleging that the disciplinary arbitrator exceeded his authority under the MOA by considering the triage arbitrator's determination in fashioning the penalty. Supreme Court agreed and granted the petition, in part, by vacating the penalty and remitting to the same disciplinary arbitrator to reconsider the penalty in light of the court's conclusion. The court also stayed the deduction of restitution payments from respondent's paychecks pending the disciplinary arbitrator's reconsideration of the penalty. Respondent appeals.

"It is well settled that a court may vacate an arbitration award only [*2]if it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (Matter of Falzone [New York Cent. Mut. Ins. Co.], 15 NY3d 530, 534 [2010] [citations omitted]; see American Intl. Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d 64, 70 [2020]; Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO [New York State Police], 230 AD3d 939, 940 [3d Dept 2024]). "Aside from those circumstances, courts may not vacate an award based on their disagreement with the reasoning or outcome, even if the arbitrator made errors of law or fact" (Matter of Troy City Sch. Dist. [Troy Teachers Assn.], 233 AD3d 1143, 1144 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Shenendehowa Cent. Sch. Dist. Bd. of Educ. [Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Local 864], 20 NY3d 1026, 1028 [2013]). "Moreover, although an arbitrator's interpretation of contract language is generally beyond the scope of judicial review, where a benefit not recognized under the governing [agreement] is granted, the arbitrator will be deemed to have exceeded his or her authority" (Matter of Czerwinski [New York State Dept. of Corr. & Community Supervision], 173 AD3d 1325, 1326 [3d Dept 2019] [internal quotation marks, brackets and citations omitted]; accord Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO [New York State Dept. of Corr. & Community Supervision], 200 AD3d 1454, 1456 [3d Dept 2021]).

Respondent argues that the disciplinary arbitrator simply recited the triage arbitrator's conclusion rather than weighed it as part of the penalty determination. Although an arbitration award will not "be vacated on the mere possibility that it violates an express limitation on the arbitrator's power" (Matter of Silverman [Benmor Coats], 61 NY2d 299, 308-309 [1984] [internal quotation marks and citation omitted]; see Imptex Intl. Corp. v Worldwide Fabrics, 194 AD2d 388, 388-389 [1st Dept 1993]), the record shows more than a possibility. After explaining that petitioner was seeking termination and respondent was remorseless about his misconduct, the arbitrator stated that respondent was "not asking for a second chance since he believed he did nothing wrong." The disciplinary arbitrator then tied that observation to the triage arbitration process, describing it as "[r]elevant to this matter" and stating that, after considering the facts, the triage arbitrator "found that a removal was not warranted" (emphasis added). In other words, the arbitrator expressly considered the "lack of suspension" in evaluating respondent's lack of remorse and petitioner's requested penalty. We reject respondent's attempt to remove this context, and note that he concedes that his "minimal" display of remorse was a factor in determining the penalty.

In view of the foregoing, and without passing on the appropriateness of the penalty, we agree with Supreme Court that [*3]the disciplinary arbitrator "consider[ed]" the triage arbitrator's finding "in determining an appropriate penalty," thus exceeding an enumerated limitation on his authority (see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO [New York State Dept. of Corr. & Community Supervision], 200 AD3d at 1457-1458; Matter of Spratley [New York State Dept. of Corr. & Community Supervision], 180 AD3d 1301, 1302-1303 [3d Dept 2020]; compare Matter of Spence [Cruz], 223 AD3d 1035, 1036-1037 [3d Dept 2024]; Matter of County of Albany [Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Albany County Local 801], 215 AD3d 1036, 1039 [3d Dept 2023]; Matter of Shenendehowa Cent. Sch. Dist. Bd. of Educ. [Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Local 864], 90 AD3d 1114, 1117 [3d Dept 2011], affd 20 NY3d 1026 [2011]). Contrary to respondent's assertion, the court did not engage in impermissible contract interpretation. The court determined that the disciplinary arbitrator's penalty was, as the court put it, "influenced" by the lack of suspension. That influence — i.e., that consideration — was not a bargained-for benefit of the disciplinary process governed by the CBA or MOA (see Matter of Kocsis [New York State Div. of Parole], 41 AD3d 1017, 1019 [3d Dept 2008]). Accordingly, we find no error in Supreme Court's decision to partially vacate the award and remit the matter to the disciplinary arbitrator for a redetermination of the penalty (see CPLR 7511 [d]; Matter of Czerwinski [New York State Dept. of Corr. & Community Supervision], 173 AD3d at 1326-1327).

Although we agree that the stay issued by Supreme Court barring further paycheck deductions in service of respondent's restitution debt was unnecessary and inconsistent with the court's vacatur of the penalty (cf. Matter of Ishakis v Lieberman, 128 AD3d 1066, 1067 [2d Dept 2015]), it appears to us that the stay was no more than a belt-and-suspenders approach to maintaining the status quo pending redetermination of the penalty. We decline respondent's request for an order making him "whole" after serving the three-month suspension in connection with the now-vacated penalty, as that request is more appropriately directed to the disciplinary arbitrator on remittal (see generally CPLR 7511 [d]). Respondent's remaining arguments have been reviewed and deemed meritless.

Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as stayed paycheck deductions related to restitution; the penalty imposed by the disciplinary arbitrator is vacated in all respects; and, as so modified, affirmed.