McCarthy, J.R
 

 Appeal from an order of the Supreme Court (Connolly, J.), entered August 11, 2016 in Albany County, which, among other things, dismissed petitioner’s application pursuant to CPLR 7510 to confirm an arbitration award.
 

 Petitioner was employed by respondent Department of Corrections and Community Supervision (hereinafter DOCCS) for 22 years, most recently in the title of Supervising Offender Rehabilitation Coordinator. In that title, her bargaining representative was the Public Employees Federation (hereinafter PEF). In July 2015, petitioner was suspended without pay for allegedly releasing confidential information to her husband, who had recently been released from prison on parole supervision in connection with his rape conviction. Pursuant to the disciplinary provisions of the collective bargaining agreement (hereinafter CBA) between PEF and the state, DOCCS issued a notice of discipline with a penalty of termination. Petitioner filed a disciplinary grievance and demanded arbitration, where she challenged her suspension without pay, the allegations in the notice of discipline and the proposed penalty. After a hearing, the arbitrator issued an interim decision concluding that DOCCS failed to demonstrate in its suspension notice that it had probable cause to suspend petitioner and ordered her immediate reinstatement. In a final decision and award, the arbitrator determined that DOCCS failed to establish petitioner’s guilt of all aspects of the charge, so she was entitled to reinstatement with back pay. Upon DOCCS’s refusal to reinstate petitioner, she commenced this proceeding pursuant to CPLR 7510 to confirm the arbitrator’s award. Respondents cross-moved to vacate the award pursuant to CPLR 7511. Supreme Court denied petitioner’s application and granted respondents’ cross motion to vacate the award. Petitioner appeals.
 

 Judicial review of arbitral awards is extremely limited. Pursuant to CPLR 7511 (b) (1), “[a] court may vacate an award when it violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on an arbitrator’s power” (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326 [1999]; accord Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90 [2010]; Matter of Bukowski [State of N.Y. Dept. of Corr. & Community Supervision], 148 AD3d 1386, 1388 [2017]). Aside from those circumstances, courts may not vacate an award based on their disagreement with the reasoning or outcome, even if the arbitrator made errors of law or fact (see Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d at 91; Matter of Diaz v Kleinknecht Elec., 123 AD3d 1304, 1305 [2014]). “Although an arbitrator’s interpretation of contract language is generally beyond the scope of judicial review, where a benefit not recognized under the governing CBA is granted, the arbitrator will be deemed to have exceeded his or her authority” (Matter of Local 2841 of N.Y. State Law Enforcement Officers Union, AFSCME, AFL-CIO [City of Albany], 53 AD3d 974, 975 [2008] [citations omitted]). If the contract is reasonably susceptible to different conclusions, including the one given by the arbitrator, courts will not disturb the award, but if the arbitrator imposes requirements “not supported by any reasonable construction of the CBA[, then] the arbitrator’s construction ‘in effect, made a new contract for the parties,’ ” which is a basis for vacating the award (Matter of Albany County Sheriffs Local 775 of N.Y. State Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO [County of Albany], 27 AD3d 979, 981 [2006], quoting Matter of National Cash Register Co. [Wilson], 8 NY2d 377, 383 [1960]).
 

 Initially, although Supreme Court did not address the arbitrator’s interim award, we will do so because the propriety of petitioner’s suspension without pay could affect the ultimate determination regarding the appropriate penalty. Under section 33.4 (a) (1) of the CBA, “[t]he appointing authority. . . may, in his/her discretion, suspend an employee without pay . . . when a determination is made that there is probable cause that such employee’s continued presence on the job represents a potential danger to persons or property or would severely interfere with operations.” DOCCS complied with the CBA’s further requirement that a notice of discipline be provided to the employee in writing “no later than five calendar days” following the suspension.
 

 In his interim decision and award, the arbitrator stated that he was bound by the language of the suspension notice as to whether probable cause existed, and could not review the facts developed at the hearing. That was an irrational interpretation of the CBA and the arbitrator exceeded his authority by essentially imposing on DOCCS a requirement that it include in the suspension notice support and detailed reasoning for its probable cause determination. Unlike the provision requiring that a notice of discipline be in writing, the CBA does not require that the employer provide a written suspension notice. Nor does the CBA require that any reason be provided when a suspension is imposed, whether it is done orally or in writing. Petitioner correctly contends that there is no express contract language commanding the arbitrator to consider the hearing evidence when making a probable cause determination. However, under section 33.4 (c) (3) of the CBA, “[w]here an employee is suspended without pay . . . , and the hearing will extend beyond one day, either party may authorize the arbitrator to issue an interim decision and award solely with respect to the issue of whether there was probable cause for the suspension . . . , such request to be permitted at any time after the completion of the [s]tate’s direct case.”
 

 The CBA, by permitting an arbitrator to rule on the propriety of an interim decision and award only after DOCCS has completed its direct case, indicates that such hearing evidence will be considered by the arbitrator in determining whether the employer established probable cause for an employee’s suspension. The arbitrator’s interpretation is not logical because if a suspension was executed orally, there would be nothing for an arbitrator to rely on except the hearing testimony. Under that scenario, either the arbitrator would find a lack of probable cause whenever the suspension was oral based on the failure to provide a written reason, which would be improper because the CBA permits oral suspensions, or the arbitrator would be allowed to rely on hearing testimony if the suspension was oral but not if it was written, which would arbitrarily create different rules for interim determinations depending on how the suspension was relayed. While the arbitrator had the power pursuant to section 33.4 (c) (1) of the CBA to review the suspension, his interpretation of the CBA added a new requirement that the suspension notice itself must establish probable cause for the suspension—which requirement appears to impose another new requirement that the employer provide a written notice of suspension—and improperly determined that he could not consider evidence presented at the hearing when deciding whether probable cause exists.
 

 Section 33.5 (f) (4) of the CBA prohibits arbitrators from adding new requirements to the provisions of the agreement. The arbitrator exceeded his power by adding a requirement to the CBA regarding what proof could be considered and by refusing to consider hearing evidence submitted by DOCCS to determine whether probable cause existed for petitioner’s suspension (see Matter of Albany County Sheriffs Local 775 of N.Y. State Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO [County of Albany], 27 AD3d at 981; see also Matter of Adirondack Beverages Corp. [Bakery, Laundry, Beverage Drivers & Vending Mach. Servicemen & Allied Workers, Local Union No. 669 of Albany, N.Y. & Vic.], 108 AD3d 832, 833-834 [2013]). Therefore, the interim decision and award by the arbitrator was improper.
 

 Turning to the final award, the arbitrator determined that DOCCS failed to meet its burden of proving its charge against petitioner. According to section 33.5 (a) of the CBA, “[t]he specific acts for which discipline is being imposed and the penalty or penalties proposed shall be specified in the notice.” The CBA also provides that “the burden of proof that discipline is for just cause shall rest with the employer,” and such burden shall be preponderance of the evidence. The CBA further states that “ [disciplinary arbitrators shall render determinations of guilt or innocence and the appropriateness of proposed penalties, and shall have the authority to resolve a claimed failure to follow the procedural provisions of this Article.” DOCCS’s notice of discipline to petitioner stated: “From February 17, 2015 through June 16, 2015, while employed by [DOCCS] . . . , you inappropriately disclosed confidential information to a parolee in violation of DOCCS’s Employees’ Manual Sections 2.2 and 4.2, Public Officers! ] Law [§ ] 74 and Directives #2260 . . . and #0410 .... Specifically, during the timeframe above, you accessed confidential information on [DOCCS’s] computer-based parolee case management system that was not necessary or proper for the discharge of your assigned duties on at least fourteen (14) occasions, and shared that information with parolee [your husband] on at least eight (8) occasions.”
 

 In his decision, the arbitrator stated that he was bound by the language in the notice of discipline and was required to render a determination of guilt based on the conduct as specifically charged therein. As he explained, “it is clear that [petitioner] accessed the PARMIS system on over 14 occasions . . . but the charge is that she shared that information with [her husband] at least eight times.” Petitioner’s husband admitted that he received confidential information from petitioner, including information that she had viewed on the DOCCS computer regarding particular dates and places when his parole officer conducted surveillance on the husband, and that he and petitioner spoke approximately eight times. The arbitrator determined that, “while the testimony of both [petitioner and her husband] clearly showed that confidential information was shared, the bar was set by the [s]tate requiring proof of sharing confidential information on at least eight (8) occasions,” and the husband’s statement does not sufficiently prove “that there were at least eight occasions at which the PARMIS information was shared.” Based on the evidence, the arbitrator could confirm only that confidential information was shared at least once.
 

 Supreme Court concluded that the arbitrator exceeded his authority by adding a term to the CBA requiring respondents to prove all factual elements of the notice of discipline. Contrary to the court’s conclusion, the CBA language is reasonably susceptible to more than one interpretation, including the one given to it by the arbitrator, and his interpretation did not rewrite the contract (compare Matter of Albany County Sheriffs Local 775 of N.Y. State Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO [County of Albany], 27 AD3d at 981). Regardless of whether we agree with the arbitrator’s interpretation, the CBA could be read to require proof of every aspect of a particular charge before finding an employee guilty thereof, so we should not set aside the arbitrator’s conclusions on the ground that they are based on that interpretation (see Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn., 308 AD2d 452, 453-454 [2003]). DOCCS could have specified separate charges for each time petitioner accessed, and for each time she shared, confidential information. Instead, DOCCS proffered a single charge that petitioner accessed confidential information at least 14 times when she had no job-related reason to do so and shared that information with her husband at least eight times. Having found that DOCCS failed to establish that petitioner engaged in all of the conduct contained in the notice of discipline’s single charge, the arbitrator found her not guilty and imposed no penalty. As courts may not review an arbitrator’s findings of fact or law, even if the arbitrator made errors (see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 82-83 [2003]), as long as the CBA was reasonably susceptible of the interpretation given to it by the arbitrator, Supreme Court erred in determining that the arbitrator exceeded his power.
 

 Respondents alternatively argue that we should affirm the order vacating the arbitrator’s award on the ground that the award violates public policy. In arbitration cases, “[t]he public policy exception applies when ‘strong and well-defined policy considerations embodied in constitutional, statutory or common law prohibit a particular matter from being decided or certain relief from being granted by an arbitrator’ ” (Matter of Bukowski [State of N.Y. Dept. of Corr. & Community Supervision], 148 AD3d at 1388, quoting Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d at 327; see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d at 80). Public Officers Law § 74 (3) (c) plainly states that “[n]o officer or employee of a state agency . . . should disclose confidential information acquired by him or her in the course of his or her official duties nor use such information to further his or her personal interests.” In addition, DOCCS’s directives and employee manual require confidentiality and prohibit employees from disseminating confidential information. The statute and agency materials are more than a broad or vague statement of general principles; they constitute a strong and clear pronouncement of public policy against the disclosure of confidential information learned through employment by a state agency, particularly DOCCS (see Matter of Bukowski [State of N.Y. Dept. of Corr. & Community Supervision], 148 AD3d at 1390; compare Matter of State of N.Y., Off. of Children & Family Servs. [Civil Serv. Empls. Assn., Inc.], 79 AD3d 1438, 1441 [2010], lv denied 17 NY3d 706 [2011]).
 

 Petitioner, as a DOCCS employee, was bound by these obligations and admitted to violating these policies by accessing DOCCS’s confidential parole management information system and by sharing its information with her husband—a convicted rapist and registered sex offender who was under parole supervision. This is especially disconcerting when considering petitioner’s supervisory position, her access to the confidential database in that position and the nature of DOCCS as an agency directly responsible for the safety and security of inmates and parolees, and indirectly responsible for the staff who oversee them and all members of the public (see Matter of Social Servs. Empls. Union Local 371 v City of N.Y. Admin. for Children’s Servs., 100 AD3d 422, 423 [2012]). Although the arbitrator concluded that DOCCS failed to establish the charge as set forth in the notice of discipline, he factually determined that petitioner improperly accessed a confidential database 14 times, and at least one time she shared DOCCS’s confidential information with a parolee. These factual findings, which we must accept (see Matter of Bukowski [State of N.Y. Dept. of Corr. & Community Supervision], 148 AD3d at 1391), establish that petitioner violated Public Officers Law § 74 (3) (c). Considering this established violation of the law, the relief granted in the arbitrator’s award—dismissal of the charges, with no penalty or repercussions for her misconduct, and reinstating her to the position in which she would continue to have access to confidential information—violated public policy, requiring vacatur of that award (see id. at 1390; Matter of Phillips v Manhattan & Bronx Surface Tr. Operating Auth., 132 AD3d 149, 156-157 [2015], lv denied 27 NY3d 901 [2016]). In reaching this result, “we do not substitute judicial opinion for the arbitrator’s decision in contravention of the parties’ CBA,” nor do we “rule on either the merits of the underlying allegations or impose a remedy we feel is appropriate; we simply vacate the award as violative of public policy” (Matter of Phillips v Manhattan & Bronx Surface Tr. Operating Auth., 132 AD3d at 157). We therefore affirm Supreme Court’s order vacating the award, albeit for different reasons.
 

 Egan Jr., Lynch, Rose and Rumsey, JJ., concur.
 

 Ordered that the order is affirmed, without costs.