Matter of Czerwinski (New York State Dept. of Corr. & Community Supervision) (2019 NY Slip Op 04526)





Matter of Czerwinski (New York State Dept. of Corr. & Community Supervision)


2019 NY Slip Op 04526


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

527421

[*1]Arbitration between MICHELE CZERWINSKI, Respondent, and NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION et al., Appellants.

Calendar Date: April 29, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Letitia James, Attorney General, Albany (Laura Etlinger of counsel), for appellants.
Nathaniel J. Nichols, New York State Public Employees Federation, AFL-CIO, Albany, for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order and judgment of the Supreme Court (O'Connor, J.), entered January 26, 2018 in Albany County, which, among other things, partially granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.
Petitioner was a nurse administrator employed by respondent Department of Corrections and Community Supervision (hereinafter DOCCS) at the Mid-State Correctional Facility. The terms of petitioner's employment were governed by a collective bargaining agreement (hereinafter CBA) that contained procedures that DOCCS was required to follow when seeking to discipline an employee. In January 2016, petitioner was suspended without pay for, among other things, allegedly failing to remove expired syringes from medical inventory and failing to ensure all medical folders were accurate and up to date for an audit. Petitioner was subsequently served by DOCCS with a notice of suspension charging her with six instances of misconduct and imposing a penalty of dismissal. Petitioner waived her right to an agency-level hearing and the matter proceeded directly to arbitration. Following a hearing, the arbitrator, among other things, found petitioner culpable of two of the charges of misconduct and imposed a one-month suspension as a penalty. The arbitrator also awarded petitioner back pay for the period of interim suspension prior to the hearing. DOCCS declined to, among other things, pay petitioner back pay for the time of her interim suspension. Thus, petitioner commenced this CPLR article 75 proceeding to confirm the award. Respondents cross-moved to vacate the award insofar as it required the payment of back pay for the period of the interim suspension. Thereafter, Supreme Court confirmed the award and denied respondents' cross motion. Respondents now appeal.
Respondents' sole contention on appeal is that the arbitrator's award of back pay for the period of interim suspension exceeded his authority. We agree. "Judicial review of arbitral awards is extremely limited. Pursuant to CPLR 7511 (b) (1), a court may vacate an award when it violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on an arbitrator's power" (Matter of Livermore-Johnson [New York State Dept. of Corr. & Community Supervision], 155 AD3d 1391, 1392 [2017] [internal quotation marks, brackets and citations omitted]; see CPLR 7511 [b] [1]). Moreover, "although an arbitrator's interpretation of contract language is generally beyond the scope of judicial review, where a benefit not recognized under the governing CBA is granted, the arbitrator will be deemed to have exceeded his or her authority" (Matter of Local 2841 of N.Y. State Law Enforcement Officers Union, AFSCME, AFL-CIO [City of Albany], 53 AD3d 974, 975 [2008] [internal citations omitted]). Therefore, "if the arbitrator imposes requirements not supported by any reasonable construction of the CBA, then the arbitrator's construction[,] in effect, made a new contract for the parties, which is a basis for vacating the award" (Matter of Livermore-Johnson [New York State Dept. of Corr. & Community Supervision], 155 AD3d at 1393 [internal quotation marks, brackets and citations omitted]; compare Matter of Lift Line, Inc. [Amalgamated Tr. Union, Local 282], 163 AD3d 1449, 1451 [2018]).
Here, the arbitrator's award of back pay for the period of interim suspension was based upon a determination that DOCCS lacked probable cause to suspend petitioner. As relevant here, section 33.4 (c) (1) of the CBA states that "[s]uspensions without pay . . . shall be reviewable by a disciplinary arbitrator . . . to determine whether the [respondent] had probable cause." This Court has previously held that hearing evidence should be considered by the arbitrator in determining probable cause (see Matter of Livermore-Johnson [New York State Dept. of Corr. & Community Supervision], 155 AD3d at 1394). However, the decision makes clear that the arbitrator did not rely on the hearing evidence to reach this determination, but instead relied solely on the information contained in the notice of suspension and referenced the Livermore-Johnson decision, which is an earlier decision that he rendered regarding the same CBA but a different employee. In Livermore-Johnson, the arbitrator concluded that the suspension notice at issue in and of itself did not establish probable cause. Indeed, the Livermore-Johnson decision was reviewed by this Court, and we affirmed Supreme Court's judgment vacating the arbitrator's award, holding that the arbitrator exceeded his authority by failing to consider hearing evidence and imposing the new requirement that probable cause be established in the notice of suspension (id. at 1397). Inasmuch as the record makes clear that the same error occurred here, that portion of the order and judgment that orders back pay for petitioner during the period of interim suspension must be vacated and the matter remitted for a rehearing on that issue (see id.; see also CPLR 7511 [d]; Matter of Neiss v Asia, 164 AD3d 1344, 1345 [2018]).
Egan Jr., J.P., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the order and judgment is modified, on the law, without costs, by reversing so much thereof as denied respondents' cross motion; cross motion granted, award of back pay vacated and matter remitted to the arbitrator for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.