Matter of County of Chemung (Chemung County Deputy Sheriff's Assn., Inc.) (2023 NY Slip Op 01337)

Matter of County of Chemung (Chemung County Deputy Sheriff's Assn., Inc.)

2023 NY Slip Op 01337

Decided on March 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 16, 2023

534837
[*1]In the Matter of the Arbitration between County of Chemung et al., Respondents, and Chemung County Deputy Sheriff's Association, Inc., Appellant.

Calendar Date:January 10, 2023

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Law Office of John K. Grant, PC, Newburgh (John K. Grant of counsel), for appellant.
M. Hyder Hussain, County Attorney, Elmira (Kathryn Hansen of counsel), for respondents.

Aarons, J.
Appeal from a judgment and order of the Supreme Court (Oliver N. Blaise III, J.) entered March 29, 2021 in Chemung County, which granted petitioners' application, in a combined proceeding pursuant to CPLR 7511 and action for declaratory judgment, to vacate an arbitration award.
Two sergeants in the Chemung County Sheriff's Department separately applied for personal leave, but their requests were denied due to operational needs. Respondent filed a joint grievance on their behalf, and the matter proceeded to arbitration. The arbitrator found that petitioner County of Chemung violated the applicable terms of the collective bargaining agreement (hereinafter CBA). Petitioners thereafter commenced this combined CPLR article 75 proceeding and declaratory action seeking to vacate the arbitrator's award. Supreme Court granted the petition/complaint. Respondent appeals.
"In circumstances when the parties agree to submit their dispute to an arbitrator, courts generally play a limited role" (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 94 NY2d 321, 326 [1999]). Even with a limited role, however, "[a] court may vacate an [arbitration] award when it violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on an arbitrator's power" (id.; see CPLR 7511 [b] [1]). To that end, an arbitrator who gives "a completely irrational construction to the provisions in dispute and, in effect, made a new contract for the parties" acts in excess of his or her authority (Matter of National Cash Register Co. [Wilson], 8 NY2d 377, 383 [1960]; see Matter of Capital Dist. Transp. Auth. [Amalgamated Tr. Union, Local 1321], 173 AD3d 1542, 1543-1544 [3d Dept 2019]).
The CBA provides that, although an arbitrator's award is final, any party could seek judicial redress if "the arbitrator has varied the terms or illegally interpreted the terms of the bargaining agreement between the parties." With respect to personal leave, section 5.08 of the CBA states that "[t]he granting of a personal business day shall be at the discretion of the Sheriff . . . , with the work of the [d]epartment taking priority." In ruling against the County, the arbitrator found that the County's discretion was "not unlimited and must be exercised in a reasonable fashion." The arbitrator concluded that section 5.08 should be interpreted as "presum[ing] that a timely request for a personal leave day will be granted absent a showing that pressing and current [d]epartment needs exist that may take precedence over any such leave request" (emphasis added). The arbitrator thus found that "it is the County's burden to demonstrate that such a need exists and but for the denial of a personal leave day request, the [d]epartmental needs could not be met."
By construing section 5.08 as presuming that leave "will be granted" unless a departmental need was shown, the arbitrator did not rationally interpret the CBA's provisions. [*2]Although the arbitrator noted that the County did not have unfettered discretion to determine when a personal leave request should be granted, the arbitrator's ruling did not define the limits of that discretion. Rather, the arbitrator entirely eliminated any discretion on the part of the County and replaced it with a burden-shifting standard. Inasmuch as that burden-shifting standard is not a rational construction of section 5.08, the petition/complaint seeking vacatur of the arbitrator's award was correctly granted (see Matter of Albany County Sheriffs Local 775 of N.Y. State Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO [County of Albany], 27 AD3d 979, 981 [3d Dept 2006]; Matter of County of Sullivan [Teamsters Local 445, Intl. Bhd. of Teamsters], 276 AD2d 861, 862-863 [3d Dept 2000], lv denied 96 NY2d 703 [2001]; Matter of Girvan, Inc. [International Bhd. of Teamsters, Local 294], 55 AD2d 746, 747 [3d Dept 1976]). Respondent's assertion as to whether a declaratory action is a proper vehicle to vacate an arbitration award is academic in view of our determination.
Garry, P.J., Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment and order is affirmed, without costs.