Matter of Spence (Cruz) (2024 NY Slip Op 00112)

Matter of Spence (Cruz)

2024 NY Slip Op 00112

Decided on January 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 11, 2024

CV-22-2153
[*1]In the Matter of the Arbitration Between Wayne Spence, as President of the New York State Public Employees Federation, AFL-CIO, Petitioner, Ricardo Cruz, Appellant, and New York State Department of Corrections and Community Supervision et al., Respondents.

Calendar Date:November 20, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Phillips, Richard & Rind, PA, Miami, Florida (Mark Richard of counsel), for appellant.
Letitia James, Attorney General, Buffalo (Sarah L. Rosenbluth of counsel), for respondents.

McShan, J.
Appeal from an order of the Supreme Court (Susan M. Kushner, J.), entered October 5, 2022 in Albany County, which denied petitioners' application pursuant to CPLR 7511 to vacate an arbitration award.
In June 2018, respondent Department of Corrections and Community Supervision (hereinafter DOCCS) issued petitioner Ricardo Cruz, a parole officer, a notice of dismissal and a notice of discipline, preferring 14 charges of misconduct against him and imposing a penalty of termination and loss of accrued annual leave. The charges stemmed from petitioner's intoxication and subsequent operation of a state vehicle while on duty, his resulting failure to receive into custody a parolee at a correctional facility and his misreporting of the hours he worked on the day in question, among other misconduct. Cruz grieved the notice of discipline pursuant to a collective bargaining agreement (hereinafter CBA) between DOCCS and the Public Employees Federation, AFL-CIO — the collective bargaining representative for certain DOCCS employees, including Cruz. The disciplinary grievance was submitted to arbitration and at the hearing, over petitioners' objection, the arbitrator admitted into evidence Cruz's records from the Leave and Accrual Tracking System (hereinafter LATS), which is an electronic timesheet used by employees to report and verify time worked, in addition to other attendance related matters. In objecting to the arbitrator's consideration of the LATS records, petitioners noted that a separate contract grievance had been filed alleging that LATS was prohibited under the CBA. At the conclusion of the hearing, the arbitrator denied the disciplinary grievance, finding Cruz guilty of 13 of the 14 charges and, further, that the penalty of termination was appropriate. Petitioners commenced this proceeding to vacate the arbitration award pursuant to CPLR 7511, arguing that the arbitrator had exceeded his authority under the CBA by considering the LATS records. Supreme Court denied petitioners' application and confirmed the award, prompting Cruz's appeal.
The crux of Cruz's argument on appeal is that the arbitration award should have been vacated because, in admitting the LATS records into evidence, the arbitrator exceeded his authority under the CBA. "[J]udicial review of arbitral awards is extremely limited" (Matter of County of Albany [Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Albany County Local 801], 215 AD3d 1036, 1038 [3d Dept 2023] [internal quotation marks and citations omitted]; see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 480 [2006], cert denied 548 US 940 [2006]). Within this limited role, "[p]ursuant to CPLR 7511 (b) (1), a court may vacate an award when it violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on an arbitrator's power" (Matter of Czerwinski [New York State Dept. of Corr. & Community Supervision], 173 AD3d 1325, 1326 [3d Dept 2019] [internal quotation marks [*2]and citations omitted]; see Matter of County of Chemung [Chemung County Deputy Sheriff's Assn., Inc.], 214 AD3d 1175, 1175 [3d Dept 2023]; Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO [New York State Dept. of Corr. & Community Supervision], 200 AD3d 1454, 1455 [3d Dept 2021]). "[I]t is well settled that an arbitrator has broad discretion to determine a dispute and fix a remedy, and that any contractual limitation on that discretion must be contained, either explicitly or incorporated by reference, in the arbitration clause itself" (Matter of New York State Dept. of Corr. Servs. [New York State Corr. Officers & Police Benevolent Assn., Inc.], 100 AD3d 1066, 1068 [3d Dept 2012] [internal quotation marks and citations omitted]; accord Matter of County of Albany [Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Albany County Local 801], 215 AD3d at 1039).
The CBA here limits the role of disciplinary arbitrators to the issues of "guilt or innocence and the appropriateness of proposed penalties" and expressly directs that "[d]isciplinary arbitrators shall neither add to, subtract from nor modify the provisions of [the CBA]." The CBA's incorporated instructions further provide that "disciplinary arbitrator[s] should not make contract interpretations" and, should interpretation issues other than timeliness related to the disciplinary matter arise, "the disciplinary arbitration should be adjourned, pending a resolution of [that] dispute through the contract grievance procedure."
Pertinent here, section 12.17 of the CBA provides that "[n]o employee . . . shall be required to punch a time clock or record attendance with a timekeeper" but that "[a]ll employees . . . shall be required to keep daily time records showing actual hours worked . . . on forms to be provided by the [s]tate." In permitting the introduction of the LATS records, the arbitrator concluded that, although timekeeping is not permitted under the CBA, the plain language of section 12.17 expressly mandates that employees record their work hours on state-provided forms and that nothing in the CBA prohibits the introduction of such records in relation to a disciplinary grievance. In rendering its evidentiary ruling, the arbitrator further noted a side-letter to the CBA instructing that state-provided electronic forms are encompassed under the section 12.17 mandate for the maintenance of employee attendance records. Contrary to Cruz's assertions, the hearing transcript, as well as the arbitrator's written decision, reflect that the arbitrator's ruling as to the introduction and consideration of the LATS records was expressly limited to the disciplinary grievance. Moreover, the written decision does not address petitioners' separate contract grievance or the legitimacy of LATS under the CBA and, although the arbitrator commented at the hearing on the timeliness of the contract grievance, no ruling was made in that regard.
In view of the foregoing, we find that [*3]the arbitrator's introduction of the LATS records constituted an evidentiary ruling in the disciplinary matter made upon application of the plain language of the CBA, and did not involve an improper interpretation of the CBA or the resolution of petitioners' separate contract grievance (compare Matter of Livermore-Johnson [New York State Dept. of Corr. & Community Supervision], 155 AD3d 1391, 1394 [3d Dept 2017]). Accordingly, the arbitrator did not exceed his authority under the CBA and Supreme Court properly confirmed the award (see CPLR 7511 [b] [1] [iii]; Matter of County of Albany [Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO, Albany County Local 801], 215 AD3d at 1039; see also Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y., 1 NY3d 72, 82-83 [2003]). Cruz's remaining contentions, including his arguments as to prejudice, have been either rendered academic by our decision or found unavailing (see CPLR 7511 [b] [1]).
Clark, J.P., Aarons, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.