Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO (New York State Police) (2024 NY Slip Op 04290)

Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO (New York State Police)

2024 NY Slip Op 04290

Decided on August 22, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 22, 2024

CV-23-1428
[*1]In the Matter of the Arbitration between Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, et al., Appellants, and New York State Police, Respondent.

Calendar Date:June 4, 2024

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, McShan and Powers, JJ.

Daren J. Rylewicz, Civil Service Employees Association, Inc., Albany (Scott Lieberman of counsel), for appellants.
Letitia James, Attorney General, New York City (Joseph M. Spadola of counsel), for respondent.

Powers, J.
Appeal from an order of the Supreme Court (Peter A. Lynch, J.), entered July 20, 2023 in Albany County, which, among other things, partially denied petitioners' application pursuant to CPLR 7510 to confirm an arbitration award.
Petitioner Louis J. Ambrosio was employed by respondent as an office assistant in the pistol permit bureau and is a member of petitioner Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO. In August 2021, Ambrosio was observed masturbating at work while seated in his cubicle in view of two coworkers, who reported the incident to a supervisor. In March 2022, Ambrosio was suspended without pay and charged with three disciplinary charges stemming from the incident: misconduct (charge 1), sexual harassment in violation of the civilian manual and respondent's sexual harassment policy (charge 2) and sexual harassment in violation of the state employee handbook (charge 3). Ambrosio grieved the charges and, after a hearing before an arbitrator, was found guilty of charge 1 but not guilty as to charges 2 and 3. Despite finding that Ambrosio had masturbated while at work, the arbitrator found this to be an isolated incident not directed at any specific person and which Ambrosio had not intended to be observed. The arbitrator imposed a penalty of a six-month suspension without pay and, because Ambrosio had already been suspended in excess of this, ordered that he be reinstated with back pay. Petitioners commenced this proceeding pursuant to CPLR 7510 to confirm the arbitration award after respondent failed to reinstate Ambrosio. Respondent answered, seeking to vacate the award as to charges 2 and 3 and to impose a penalty of termination. Supreme Court confirmed that aspect of the award finding Ambrosio guilty of charge 1 but vacated the award as to charges 2 and 3 as irrational and against public policy. Supreme Court found Ambrosio guilty of these charges and remitted the matter to a different arbitrator for the imposition of a new penalty. Petitioners appeal.
Judicial review of arbitral awards is extremely limited and, thus, arbitration awards may only be vacated in limited circumstances, including where the "arbitrator . . . exceeded his [or her] power" (CPLR 7511 [b] [1] [iii]; see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO [New York State Dept. of Corr. & Community Supervision], 200 AD3d 1454, 1455 [3d Dept 2021]). "[A]rbitrators exceed their power within the meaning of the CPLR only when they issue an award that violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (American Intl. Specialty Lines Ins. Co. v Allied Capital Corp., 35 NY3d 64, 70 [2020] [internal quotation marks and citations omitted]; see Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. [New York State Dept. of Corr. & Community Supervision], 195 AD3d 1115, 1116 [3d Dept 2021], lv dismissed 37 NY3d 1230 [2022]). An arbitrator [*2]that "imposes requirements not supported by any reasonable construction of the [contract]" has, "in effect, made a new contract for the parties," rendering the award subject to vacatur as irrational (Matter of Livermore-Johnson [New York State Dept. of Corr. & Community Supervision], 155 AD3d 1391, 1393 [3d Dept 2017] [internal quotation marks and citations omitted]; accord Matter of Capital Dist. Transp. Auth. [Amalgamated Tr. Union, Local 1321], 173 AD3d 1542, 1544 [3d Dept 2019]; see Matter of County of Chemung [Chemung County Deputy Sheriff's Assn., Inc.], 214 AD3d 1175, 1175-1176 [3d Dept 2023]).
When evaluating charges 2 and 3, the arbitrator was required to consider the definition of sexual harassment as provided in the civilian manual and in the employee handbook. Relevant to charge 2, the civilian manual explains that "[s]exual harassment includes, but is not limited to, unwelcome . . . physical conduct of a sexual nature . . . when . . . such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment, even if the reporting individual is not the intended target of the sexual harassment." Similarly, relevant to charge 3, the employee handbook defines sexual harassment as "unwelcome conduct which is either of a sexual nature, or which is directed at an individual because of that individual's sex when: [s]uch conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive work environment, even if the reporting individual is not the intended target of the sexual harassment." Consequently, the sexual harassment policy in respondent's civilian manual is largely like that contained in the state employee handbook.
In finding Ambrosio guilty of misconduct under charge 1, the arbitrator found that Ambrosio had "engaged in masturbatory conduct" in his workspace that was observed by two coworkers, one of whom he shared a cubicle with. These coworkers testified that they were uncomfortable and disgusted by Ambrosio's actions and, following the incident, the coworker who shared a cubicle with Ambrosio was not only moved to a different work location but also changed her break schedule to not align with Ambrosio's. Despite Ambrosio's reference to his conduct as "scratching" his penis, he did not deny these actions, and the arbitrator found that he had "engage[d] in masturbatory conduct while seated at his desk at work." Based upon this finding, the arbitrator sustained charge 1 alleging misconduct. However, the arbitrator found that this conduct did not constitute sexual harassment and dismissed charges 2 and 3. The arbitrator based this determination on, among other rationales, that this was an isolated incident, Ambrosio's conduct was not directed at any certain individual, and he did not intend for his actions to be observed. Additionally, the arbitrator [*3]credited that the coworkers who had observed the actions did not themselves file sexual harassment complaints or testify that they were victims of sexual harassment, and there was no evidence that Ambrosio has since repeated this conduct.
Under the manual and the handbook, sexual harassment occurs when an individual engages in unwelcome conduct of a sexual nature and such conduct has the effect of unreasonably interfering with an individual's work performance. In making the ultimate determination as to counts 2 and 3, the arbitrator disregarded the definition of sexual harassment as contained in the manual and the handbook and supplied additional requirements not contained in either. These included that this was an isolated incident, the coworkers' failure to file complaints or opine themselves to be victims of sexual harassment and Ambrosio's apparent intentions behind his actions, all while disregarding the impact of those actions. By doing so, the arbitrator impermissibly exceeded her authority as she "effectively modified the terms" of the sexual harassment policies in the manual and the handbook (Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO [New York State Dept. of Corr. & Community Supervision], 200 AD3d at 1458; see Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. [New York State Dept. of Corr. & Community Supervision], 195 AD3d at 1117). Consequently, that portion of the arbitrator's award dismissing charges 2 and 3 "is fundamentally irrational" and Supreme Court properly vacated it as such (Matter of New York City Tr. Auth. v Phillips, 162 AD3d 93, 101 [1st Dept 2018], lv dismissed 31 NY3d 1139 [2018]).[FN1]
However, courts can neither "substitute judicial opinion for the arbitrator's decision" nor "rule on either the merits of the underlying allegations or impose a remedy [that] we feel is appropriate" (Matter of Livermore-Johnson [New York State Dept. of Corr. & Community Supervision], 155 AD3d at 1397 [internal quotation marks and citation omitted]). Accordingly, we must reverse those aspects of Supreme Court's order that did both. Instead, we simply vacate the portions of the award finding Ambrosio not guilty of sexual harassment under charges 2 and 3 and remit the matter to a new arbitrator for a new determination as to those charges and the imposition of an appropriate penalty (see CPLR 7511 [d]). The parties' remaining contentions, including those related to whether the arbitration award violated public policy, have been rendered academic.
Egan Jr., J.P., Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much of the order as found petitioner Louis J. Ambrosio guilty of charges 2 and 3 and commented on the appropriate penalty; and, as so modified, affirmed.

Footnotes

Footnote 1: The arbitrator's reliance upon the fact that the coworkers did not themselves file sexual harassment complaints and did not describe themselves as victims of sexual harassment also reflects a " 'blame the victim' mentality" on the part of the arbitrator that "inappropriately shift[ed] the burden of addressing a hostile work environment onto the employee" and, as such, these facts cannot be properly considered when fashioning an appropriate award (Matter of New York City Tr. Auth. v Phillips, 162 AD3d at 99).